# Burns *v.* Moragne.

*Action upon Official Bond of Judge of County Court.*

1. *Judge of county court; under no duty to collect sheriff's fees.*
   The statute prescribing the fees incident to prosecutions before county courts and the manner of their collection, (Code, § 4578), does not impose any duty upon the judge of the

county court to collect costs in criminal cases which go to the sheriff as fees for his services in such cases; and the failure of the judge of the county court to collect such fees, constitutes no breach of his official bond.

2. *Same; duty of judge to send statement of fees to circuit court or city court.*—The judge of a county court sitting in his capacity as a committing magistrate, when he binds a defendant over to answer an indictment, (Code, § 5247), is under no duty to return to the court to which the defendant is bound over, a statement of the costs due the sheriff as fees for his services in such cases.

3. *Same; same.*—Where, upon being arraigned in a county court, a defendant demands a trial by jury, there is no duty imposed upon the judge of such court to return to the court in which the trial is to be had, the costs due the sheriff for his services in the case, while pending in the county court.

4. *Same; same.*—Where, after the conviction in a county court, there is an appeal taken to the circuit or city court, there is a duty imposed by the statute, (Code, § 4623), upon the judge of the county court to certify or return to the circuit or city court to which the appeal is taken, a statement of the costs due the sheriff as fees for his services in the case, while pending in the county court.

5. *Pleading and practice; sufficiency of complaint.*—Where, in a single count of a complaint, there is contained several grounds for relief, only one of which is sufficient to authorize relief, a demurrer to the whole complaint, raising valid objections to the other grounds of relief, is properly sustained.

APPEAL from the City Court of Gadsen.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellant, A. W. Burns, against James M. Moragne, and the sureties on his official bond, as judge of probate and *ex officio* judge of the county court of Etowah county. The complaint contained three counts. The demurrers to the second count were overruled, and it is therefore unnecessary to set forth this count.

In the first count of the complaint, as amended, there were set forth *in extenso* the bond executed by J. M. Moragne and his sureties, conditioned for the faithful discharge by James M. Moragne as judge of probate and *ex officio* judge of the county court in and for

Etowah county during the time he continued therein or discharged any of the duties of said offices. The breach complained of, as set forth in this count, was, that said James M. Moragne, while judge of probate and in the discharge of the duties of the judge of the county court, failed to collect fines and costs imposed by him as such upon parties tried and convicted by him as such judge, and to pay over to the plaintiff, who was, from August, 1892, to August, 1896, sheriff of said county, the fees and costs due the said plaintiff for services rendered by him as such sheriff in and about the arrest of such parties.

In the third count of the complaint, as amended, the breach complained of was that the said James M. Moragne failed to send up to the city court of Gadsden a statement of the costs due the plaintiff as sheriff of Etowah county as aforesaid, where parties were arrested and brought before said Moragne as such judge, and where the parties either demanded a trial by jury or were bound over to answer an indictment found by a court having jurisdiction thereof, and in cases where the parties were tried and convicted by the said Moragne as such judge of said county court, and appeals from such convictions to the circuit court or city court of said county.

To the first and third counts of the complaint the defendants demurred, among others, upon the following grounds: 1. It states no facts or circumstances showing that it was the duty of defendant, J. M. Moragne, to collect the costs and fines therein stated and all that it stated therein is the mere conclusion of the pleader. 2. It does not show the breach of said bond in any particular. 3. It does not show that defendant J. M. Moragne has not faithfully discharged his duty as such county judge. 4. It shows no cause of action against defendants or either of them. 5. It states no facts showing that it was the duty of defendant J. M. Moragne to send up to the city court of Gadsden, Ala., a statement of the costs due plaintiff and what is stated in regard thereto is conclusion of the pleader. 6. It does not allege that defendant Moragne was act-

[Burns v. Moragne.]

ing under said bond at and before the time of the alleged default of said Moragne as set forth in each of said counts. 7. It does not allege that said fees were taxed against the defendants. 8. Defendants demur to that part of the complaint claiming fees for committing prisoners to jail and releasing therefrom and taking bonds returnable to the city court because there is no law allowing plaintiff such fees. 9. It states no facts showing that it was the duty of defendant Moragne to send up to the city court of Gadsden a statement of the costs due to plaintiff. 10. It does not allege that a true bill was found against those who appealed to a grand jury and that they were prosecuted to conviction and the costs was presently paid or secured. 11. It does not allege that those who appealed to a grand jury were convicted, and the costs paid or secured. 12. It does not show who and how many were bound over to answer an indictment and who and how many claimed a jury trial, and who and how many appealed from judgment of conviction, and who and how many of each of the above were convicted and the costs paid or secured. 13. It does not show that the alleged failures of defendant Moragne were the cause of plaintiff not getting his costs. 14. It does not allege that the costs were not taxed against the prosecutor in said cases. 15. To so much of each count as claims costs in cases of conviction before defendant Moragne, as such county judge, and appeal therefrom on the ground that it does not allege the said defendant failed to make out copy of all proceedings had in his court, except the subpoenas for witnesses and the appeal bond and certify the same as correct and hand same to the clerk of the circuit or city court. (Cr. Code, § 4623.)

Upon the submission of the cause upon these demurrers, the court rendered judgment sustaining the demurrers to the first and third counts. From this judgment the plaintiff appeals, and assigns as error the sustaining of the demurrers to the first and third counts of the complaint.

[Burns v. Moragne.]

BURNETT & CULLI, for appellant, cited Cr. Code, §§ 4578, 4579, 4617, 4623.

AIKEN & MARTIN, *contra.*—This is an action upon the official bond of said Moragne alleged to have been executed by him as *ex officio* judge of the county court of Etowah county. In order to fix any liability upon the sureties on said bond it is necessary that there be a clear breach of official duty on the part of the principal, Moragne.—*McKee v. Griffin,* 66 Ala. 211; *Tallman v. Drake,* 116 Ala. 262; *Coleman v. Ormond,* 60 Ala. 328; *Brewer v. King,* 63 Ala. 511; *Moore v. Wood,* 56 Ala. 1; *Kelly v. Moore,* 51 Ala. 364; *Moore v. Madison,* 38 Ala. 670; *McElhaney v. Gilleland,* 30 Ala. 183; *Drake v. Webb,* 63 Ala. 596; *Governor v. Perrine,* 23 Ala. 807; 24 Am. & Eng. Ency. of Law, 879.

McCLELLAN, C. J.—The averment in the first count of the complaint that it was the duty of Moragne as *ex officio* judge of the county court to collect (not that it was his duty to issue execution for) the sheriff's fees in criminal cases tried in said court is in a sense a *pro forma* averment, proper, even necessary, to be made, and sufficient as matter of pleading where the duty in fact exists, when made in the general way it is made in this complaint; but as such duty if it exists at all must be imposed by or arise from express statutory law of which courts take judicial cognizance, the complaint is to be treated and considered as if it set out the statutory provision relied on and affirmed as the pleader's construction of the statute and conclusion of law that the duty counted upon is imposed by the law. So that when it is conceived by the defendant that the statute does not impose the duty the issue of law is properly raised by demurrer, which puts the court to an interpretation or construction of the statute. Looking then to the statutes obtaining in the premises, we are brought to a concurrence with the city court in its conclusion that the judge of the county court is under no official duty to collect costs in criminal cases which go as fees for

[Burns v. Moragne.]

his services in such cases to the sheriff. The statute upon which the question arises after prescribing the fees incident to prosecutions before the county court, proceeds thus: "The fees above specified shall be taxed against the defendant on conviction, or against the prosecutor under the provisions of section 4619, and, if not presently paid, may be collected by execution; but no fee shall be taxed for services not rendered. The fees taxed for services performed by the county court, or by the judge of said court, belong to the county, and when collected shall be paid into the county treasury; and the fees taxed for all other services shall be paid to the officers by whom the services are performed."—Code, § 4578. As we read this section the only duties it imposes upon the judge of the county court are to tax the fees earned by the sheriff along with the other costs and to issue execution for their collection, if they are not presently paid. He would be the proper recipient of costs presently paid without execution probably, but he has no duty or power in respect of enforcing present payment and when such payment is not voluntarily made, the execution he is authorized to issue goes of course into the hands of the sheriff and the duty of collection is solely upon that officer and in no sense upon the judge.

The third count bases a right of recovery against the judge of the county court and the sureties on his official bond upon his alleged failure to send up to the circuit or city court a statement of the costs due the sheriff in cases brought before the county court where the defendant is bound over to answer an indictment, or demands a jury trial, or appeals from a judgment of conviction. In the first class of cases—where the defendant is bound over to answer an indictment—the judge of the county court in his capacity as a committing magistrate is only required "to return to the solicitor or the foreman of the grand jury,   *   *   *   the affidavit and warrant of arrest, with a transcript of the docket and a list of the State's witnesses and all undertakings of bail by parties or witnesses in the case."—Code, § 5247. The docket of a court, unless

expressly required by statute, does not set forth the costs in cases upon it. There is no statute requiring the docket of the county court to embrace a statement of costs. The other papers required by this section to be returned by the county judge obviously have nothing to do with the bill of costs incurred before him. And hence it is clear, we think, that in these cases he is under no duty to return a statement of the costs to the court to which the defendant is bound over.

Where the defendant demands a trial by jury—the second class mentioned above—the judge of the county court is required only to return the defendant's appearance bond to the court before which he is required by it to appear; and here is no semblance of an imposition of duty upon the judge to also return a statement of costs incurred by his court.

In cases of appeal from a judgment of conviction in the county court to the circuit or city court, the requisition of the statute is more comprehensive. It provides that the judge of the county court "shall make out a copy of all the proceedings had in his court, except the subpoenas for witnesses and the appeal bond, certify the same as correct, and hand the transcript together with the appeal bond, to the clerk of the circuit or city court."—Code, § 4623. The judgment of conviction is, of course, a proceeding in the court, and incident to it and a part of it is judgment for the costs, (Code, § 4617); and the taxation of costs necessary to the effectuation of the judgment is necessarily a part of the proceedings of the court, and as such should be copied and certified to the appellate court under section 4623. This construction of the section is eminently reasonable upon the meaning of the words "copy of all proceedings" in and of themselves, and it is reënforced by the exceptions made in the section which demonstrate that in the minds of the lawmakers the writs of subpoena and the appeal bond were parts of the proceedings as that term was employed by them and would under the general provision have to be transcribed and delivered to the appellate clerk. Our conclusion, therefore, is that the third count would make

a case against the defendant for his failure to copy and send up a statement of the costs in appeal cases, if such cases only were involved in it.      But as the claim of plaintiff was based on the action of the county judge in respect of cases on preliminary trial and where demand for jury is made as to which no failure of duty is shown, along with his failure of duty in appeal cases, the whole count is bad, and the demurrer was properly sustained to it.

     Affirmed.