Myron T. Pritchard, as Executor of Charles H. Haynes, Deceased, Respondent, *v.* The Edison Electric Illuminating Company of New York, Appellant.

Nuisance —Measure of Damages. In an action to recover the damages resulting from the maintenance of a nuisance in operating an electric plant in which the complaint alleged the fouling of plaintiff's hotel and the injuring of the furniture from great quantities of soot, cinders, etc., escaping from the defendant's premises and pervading those of the plaintiff, in which evidence was given tending to sustain such allegation, the court may properly refuse to charge a requested instruction, that the measure of damages is the actual diminution in rental value by reason of the defendant's acts. So, also, there being evidence showing depreciation in the rent of the rooms in the hotel, which was competent as bearing upon the question as to whether there was a diminution in the rental value of the whole premises, a request to charge that " loss of income from business is not provable as an element of damage," is properly refused.

*Pritchard* v. *Edison El. Il. Co.*, 92 App. Div. 178, affirmed.

(Argued October 21, 1904; decided November 15, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry J. Hemmens* and *Samuel A. Beardsley* for appellant. The learned court below adopted an erroneous theory as to the measure of damages. (*Snider* v. *Snider*, 160 N. Y. 151; *Baird* v. *Mayor*, 96 N. Y. 567; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Jutte* v. *Hughes*, 67 N. Y. 267; *Rosenheimer* v. *S. G. L. Co.*, 36 App. Div. 1; *Tallman* v. *M. E. R. Co.*, 121 N. Y. 119; *Woolsey* v. *M. E. R. Co.*, 134 N. Y. 323; *Reisert* v. *City of N. Y.*, 174 N. Y. 196; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 311; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133

N. Y. 79.) The learned court below committed reversible error in refusing to charge the requests made by the defendant which related to questions not covered by the charge, and to which the attention of the jury should have been directed. (*Moore* v. *N. Y. El. R. Co.*, 24 Abb. [N. C.] 74; *Greene* v. *N. Y. C. & H. R. R. R. Co.*, 65 How. Pr. 154; *F. B. Church* v. *R. R. Co.*, 6 Barb. 313; *Rogers* v. *Elliott*, 146 Mass. 349.)

*Frank H. Hardenbrook* for respondent. The rule of damages as adopted by the court is correct. (3 Sedg. on Dam. § 948; *St. John* v. *Mayor, etc.*, 13 How. Pr. 527; 6 Duer, 315; *De Wint* v. *Wilts*, 9 Wend. 325; *Jutte* v. *Hughes*, 67 N. Y. 267; *Woolsey* v. *N. Y. El. R. R. Co.*, 134 N. Y. 323; *Colrick* v. *Swinburne*, 105 N. Y. 507; *Williams* v. *B. E. R. R. Co.*, 126 N. Y. 96; *Haryer* v. *Edmonds*, 4 Barb. 258; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y. 31; *Reisert* v. *City of New York*, 174 N. Y. 196; *Hoffman* v. *Edison El. Co.*, 87 App. Div. 371.)

Haight, J. This action was brought to recover the damages resulting from the maintenance of a nuisance by the defendant.

The plaintiff's testator on the 19th day of April, 1890, leased from the owners the property known as Miller's Hotel, situated on West 26th street, New York, at Nos. 37, 39 and 41, for the period of five years at an annual rental of $15,000, and at the end of that period he renewed the lease for another period of five years at a rental of $12,000 per year.

In 1888 the defendant constructed and put in operation an electric lighting plant and power station situated upon the same street, forty-one feet west of the hotel. In the complaint it is alleged that the defendant had so constructed and conducted its property and operated its machinery as to discharge upon the premises of the plaintiff great quantities of soot, cinders, ashes, noisome gases, unpleasant odors, steam and water condensing from steam which pervaded the prem-

ises of the plaintiff, fouling and injuring the same and the furniture therein, and further made and produced loud, disagreeable and incessant noises, and very great jar and vibration, which was transmitted through the premises of the plaintiff to the injury of the same, causing a great nuisance and disturbing the rest and quiet of its inmates, and preventing their sleep and injuriously affecting their health and their quiet and peaceful enjoyment and use of their apartments, to the plaintiff's damages, etc.

Two actions were brought by the plaintiff's testator covering different periods of time, which have been consolidated and tried together as one action, resulting in the verdict upon which the judgment appealed from was entered.

Upon the trial a number of exceptions were taken to the admission and rejection of evidence. Some of the rulings may be justly subject to criticism, but we think the answers given by the witnesses were not sufficiently harmful to justify a reversal. The serious question in the case pertains to the rule of damages adopted by the trial court. The jury was charged that, "If the defendant's power station, as operated, was a nuisance and lessened the profits of this hotel, the damages which the plaintiff may recover are to be limited to the actual loss of profits, such as you find from the evidence were caused to be lost through the defendant's acts in the use and operation of its power station." And, again, "Generally, upon the question of the plaintiff's claim that profits were lost, you should first take the gross receipts of this hotel, year by year, as they appear to you from the evidence to have been, and deduct from them year by year the rent paid by Mr. Haynes and the running expenses. This would give the net profits of each year." And, finally, "You are to notice that at some time after the establishment of the station the rent of the hotel was lessened, and so far Mr. Haynes had less expenses in the running of his hotel. To this extent, if his gross receipts fell off, there would still be no loss unless the reduction of gross receipts was greater than the reduction of rents. The same considerations would apply to any reduc-

tion of the running expenses of the hotel after the year 1888 since your comparison of profits before and after the station was established must be based upon the net profits in each year, that is, profits over and above the actual rent and running expenses year by year. You are to make this comparison, gentlemen, for the purpose of finding whether there was a loss during the period after the defendant's station was in operation. If there was a loss, you are then to consider how much of it was reasonably caused by the defendant's act in maintaining the power station. And the damages which you may award in this action would be the amount of loss which you find to have been caused by the nuisance from November 22d, 1892, to November 1st, 1898."

The plaintiff's evidence tended to show that the premises had been conducted for many years as a family hotel, and that but few rooms were reserved for transients; that in the renting of rooms or apartments the board or meals were included; and that the gross income from the rental of rooms by the year is shown by Exhibit 9, from which it appears that in 1883 the rents received amounted to $50,376.22. From this there was a gradual falling off each year, until 1886 when the amount received was but $40,963.56. From this there was a greater increase in rents even after the establishment of the defendant's plant, until 1891 when the amount received was $46,307.75. During the next year there was a falling off of $6,000, and of the next year of $4,000, and of a gradual decline in the following years, until 1896 when the receipts had fallen to $32,754.49. In 1897 there was again substantial increase in the income. The plaintiff's expert witness, Perry, gave evidence tending to show there was a depreciation in the rental value of the premises from 1892 down to 1900 of about $2,000 per year. It appears that at the end of the first lease in 1895 the landlord in settling with the plaintiff, his tenant, deducted $9,000 from the rent required by the lease, that in giving the new lease for another five years the rent was reduced $3,000 per year, and that upon the termination of that lease another reduction was given upon the rent

accrued amounting to $10,250. The running expenses of the hotel either before or after defendant's plant became a nuisance we have not found in the appeal book, so that we have no basis from which we can ascertain the net profits for any year, or as to whether there was any loss of such profits in any year.

The appellant now contends that the charge was erroneous, and that the loss of profits is speculative and uncertain and does not furnish a correct basis for awarding damages. The trouble, however, with the appellant's contention is that he has neglected to take any exception to the charge of the court so as to raise a question of law which we have the jurisdiction to review. The judgment has been unanimously affirmed, thus depriving us of the power to review the question as to whether there is any evidence to sustain the verdict.

We are thus brought to the consideration of the exceptions taken to the defendant's request to charge. There are two that bear upon the subject of damages which require consideration. The first is, " The measure of damages applicable to a case of this kind is the actual diminution in rental value by reason of the defendant's acts." This request undoubtedly states the general rule, and the diminution in rental value is one of the items of damages applicable to this case. But the trouble with the request is that it is not the only item of damage applicable. As we have seen, the complaint alleges the fouling of the premises and the injuring of the furniture from the great quantities of soot, cinders, etc., escaping from the defendant's premises and pervading those of the plaintiff. During the trial there was some evidence given tending to show that the window curtains, windows, and furniture generally would become soiled and new upholstering necessary much oftener than before the plant became a nuisance, and that the services of an extra man became necessary to do the cleaning, whose services cost from twenty to twenty-five dollars a month. So that while diminution in rental value becomes an item of damages which the jury might award, in this case there has been alleged and evidence given tending to

prove other independent items of damages not covered by the diminution in the rental value of the premises. As to whether loss of profits in a business established upon the leasehold premises can be recoverable in any case we are not called upon to consider, nor do we now determine the question, for the reason that it is not raised by any exception which we have power to review.

The other request to charge is that, " Loss of income from business is not provable as an element of damage." There may be a loss of income and at the same time an equal lessening of the expenses of the business so that the net profits would remain the same. This request, therefore, does not present the question as to whether the loss in net profits from a business is provable as an item of damages. In this case the rent of rooms or apartments in the hotel was a part of the business in which the plaintiff was engaged. We think that the evidence showing the depreciation in the rent of the rooms in the hotel from year to year was competent as bearing upon the question as to whether there was a diminution in the rental value of the whole premises, and that the request to charge under the circumstances was properly refused.

For the reasons stated the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, BARTLETT, VANN and WERNER, JJ., concur; MARTIN, J., absent.

Judgment affirmed.