## GRAVES ELEVATOR CO. v. SEITZ.

### (Supreme Court, Appellate Term. June 6, 1907.)

1. JUDGMENT—LIEN—DEBTOR'S TITLE.
    A deed given as "collateral security" did not devest the grantor of interest in the land, and a subsequent judgment against him became a lien against it.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1340–1344.]

2. SAME—DISCHARGE OF LIEN—EFFECT OF DEBTOR'S DISCHARGE IN BANKRUPTCY.
    Under the express terms of Code, § 1268, a judgment lien attaching to land before the owner's adjudication as a bankrupt is not removed by the order canceling the record of the judgment after his discharge in bankruptcy.

3. EXECUTION—ENFORCING JUDGMENT LIEN—SCOPE.
    Where, after a debtor's discharge in bankruptcy, execution is issued on a judgment lien attaching before he was adjudged a bankrupt. it should be restricted to the interest in the land he had when the judgment was docketed.

Appeal from City Court of New York, Special Term.

Action by the Graves Elevator Company against William E. Seitz. From an order granting plaintiff leave to issue execution on a judgment, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Morris H. Hayman, for appellant.
Richard T. Greene, for respondent.

GILDERSLEEVE, P. J. On or about October 20, 1896, defendant took title to certain real estate in this city. On or about April 13, 1897, he executed and caused to be recorded a deed of said property to one Raub, which deed contained the following provision, viz.:

"Provided, however, that this deed is given as collateral security, according to the terms of a certain agreement between the parties hereto and executed simultaneously herewith."

The terms or nature of the agreement here referred to do not appear in the record. The moving affidavit of William H. Orr states that defendant conveyed title to one Nicholson by a deed dated November 20, 1898, and recorded on March 6, 1906. This is denied by the defendant, who states that he conveyed the property to Raub on April 13, 1897, "and that therefore this deponent [defendant] had no title in the said premises" at the time of the alleged conveyance to Nicholson. Thereafter, and on March 18, 1898, plaintiff obtained a judg-

ment against this defendant for $740.79, upon which no execution has been issued. On September 20, 1899, defendant filed a petition in bankruptcy, and plaintiff's said judgment was duly scheduled in the bankruptcy proceedings, and due notice was given to plaintiff of all said proceedings. Thereafter, and on December 3, 1906, defendant was discharged in bankruptcy from all debts which existed on September 20, 1899, against him and his estate, "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." It is alleged by defendant, without contradiction, that the debt of plaintiff's judgment was one of the debts from which defendant was discharged by the bankruptcy proceedings. On or about December 21, 1906, plaintiff obtained an order from the City Court granting leave to issue an execution on the said judgment. From this order defendant appeals.

It must be held that the deed of April 13, 1897, to Raub, containing the provision above quoted, did not operate to divest defendant of all interest in the real estate, and, so far as this deed is concerned, the judgment became a lien thereon. As the defendant denies that he made any conveyance to Nicholson on November 20, 1898, or at any other time, we will accept his denial as true, since it appears to be an admission against his own interest. Had defendant in fact conveyed to Nicholson, plaintiff's remedy would hardly have been by an execution upon the judgment against defendant; but plaintiff would have apparently been obliged to bring another action against defendant and said Nicholson to enforce the lien of the judgment upon the real estate. The discharge in bankruptcy did not remove this lien. Section 1268 of the Code, which provides for the cancellation of record of a judgment against a person who has been discharged in bankruptcy, specifically states that:

"Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order [discharging the judgment], and may be enforced."

In the case at bar, it may be observed, no order has been entered discharging the judgment of record, as the requisite period of one year since the bankrupt was discharged from his debts has not elapsed. Section 1269 of the Code. The plaintiff, under the circumstances disclosed, may enforce its judgment by a sale of defendant's interest in the land under execution. Hillyer v. Le Roy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919. We think, however, the execution should have been restricted to the interest in real estate which defendant had at the time of the docketing of the judgment. The discharge in bankruptcy, although it did not destroy the lien of the judgment upon such property, freed defendant from all debts, except as otherwise provided by the bankruptcy act, which existed at the time of filing the petition, and any property subsequently acquired is exempt from plaintiff's claim; while, under the order as granted, plaintiff could issue execution and levy on any property of defendant, and

thereby deprive defendant of the protection given him by the discharge in bankruptcy.

The order will be modified as above indicated, and, as thus modified, **affirmed,** without costs of the appeal to either party.   All concur.