# Harris *v.* Randolph Lumber Co.

*Damage for Maintaining Nuisance.*

(Decided December 22, 1912. 57 South. 453.)

1. *Nuisance; Private Nuisance; Right of Action.*—Under section 5198, Code 1907, the owner of property has a right of action where the defendant maintains a nuisance which results in loss of rents on such property.

2. *Same; Damages; Pleading.*—A complaint alleging that defendant maintained a planing mill in a residence portion of the city adjacent to plaintiff's residence property and that on account of the unreasonable noise and the dirt and dust deposited on plaintiff's property, she had been unable to rent it advantageously,. and had suffered a diminution in rents, states a cause of action for a private nuisance sufficiently definite to be good against a general demurrer.

3. *Same; Jury Question.*—Whether the noises made by a planing mill situated in a residential portion of the city are unreasonable and a nuisance to other property, are questions for the jury.

4. *Same; Determination of Question.*—The fact that a planing mill was erected in a district already used for residence purposes constitutes a material consideration in determining whether it was a nuisance.

5. *Same; Negligence.*—Negligence, or want of ordinary care in the operation of the alleged offensive factory is not ordinarily an element of an actionable nuisance.

6. *Same.*—Where the defendant stored lumber in a building on his land adjacent to plaintiff's residence, thereby endangering plain-

[Harris v. Randolph Lumber Co.]

tiff's property and increasing the insurance rate thereon, plaintiff was not entitled to recover the increased premiums as damages, as the mere storing of lumber is not a nuisance per se; to render a building a nuisance by reason of exposure of other buildings to fire, the hazardous character of the business therein carried on must be unmistakable, and must be shown to be negligently conducted, so that injurious results are probable.

7. *Same; Damages; Wanton Injury.*—A complaint alleging that defendant, having knowledge that a district was used for residential purposes, erected and operated a planing bill therein, wantonly maintained the business and operated it, notwithstanding it had notice of the damage and injury sustained, and although requested to cease the operation of the business, does not sufficiently show wanton injury.

8. *Same.*—A complaint alleging that defendant maintained a lumber mill in a residence portion of a city adjacent to plaintiff's property, and that it negligently and wrongfully caused noise, dust, smoke, and soot to fall, go upon and be on the property of the plaintiff in such volume as to materially discomfort plaintiff's tenant and to depreciate the renting value of plaintiff's property, states a cause of action for the nuisance of smoke, dust and soot; the averments that they were negligently and wrongfully sent upon plaintiff's premises does not relieve the nuisance of its tortious character.

9. *Pleading; Demurrer; Scope.*—Where a count states a good cause of action for a nuisance, but includes allegations of damages not recoverable, the proper method to reach such defeat is by motion to strike out such allegation, by objection to evidence or requesting instructions, and not by demurrer.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Enola N. Harris against the Randolph Lumber Company, for damages for maintaining a nuisance. Judgment on demurrer for defendant, and plaintiff appeals. Reversed and remanded.

The complaint is as follows:

Count 1: "The plaintiff claims of the defendant $5,000 as damages, for that plaintiff is now, and has been for several years preceding the bringing of this suit, the owner of lots 20, 21, 22, 23, and 24, in block 178, in the city of Birmingham, upon which said lots there are situated seven houses, which said houses are and have been occupied by tenants of plaintiff, and which said property is located in a residence section of the city of

Birmingham, Jefferson county, Ala. Plaintiff avers that within the past 12 months defendant has maintained and operated a certain planing mill and sash and blind factory on lots 5 and 6, in said block 178, which said planing mill is within very close proximity to said residences, being not more than, to wit, 28 feet distant from the nearest of said houses. Plaintiff avers that said planing mill, in and about the operation and running thereof, necessarily creates a noise of such volume and character as to materially distress or discomfort the tenants of plaintiff in the enjoyment and use of plaintiff's said property as a residence, and to materially interfere with the comfort, enjoyment, and use of said property by said tenants as a residence. Plaintiff further avers that, connected with said factory, defendant has a certain lumber shed, wherein lumber is stored by defendant, on lots 1 and 2 in said block, and that only an alley of, to wit, 20 feet separates the property used by defendant for its said business and the property of plaintiff upon which said houses are located, and that by reason of the close proximity and nature of said business, and the extra hazard and risk thereby created, the insurance rate on plaintiff's said dwelling is materially increased, to wit, more than $100 per annum. Plaintiff avers, further, that at the time of the erection of said manufacturing plant said section was a residence section, and said dwellings were used for residence purposes, and that defendant has had notice of the damage and injury sustained by plaintiff incident to the operation of its said business. Plaintiff avers that by reason and as a proximate consequence of the defendant maintaining and operating said planing mill factory, planing mill shed, and lumber in such close proximity to said dwellings, the value of her residence property has been greatly depreciated; that she has suffered and sus-

tained a loss in the rental value thereof, and has been put to great expense in the payment of an increase in the rate of insurance, which, but for the maintaining of said business by defendant she would not otherwise have incurred, and she has been greatly annoyed, and suffered much mental and physical pain, to her damage in the sum aforesaid; hence this suit."

Second count: "Plaintiff adopts as a part of this count all the words and figures of the first, from the beginning thereof, down to and including the words, 'that defendant has had notice of the damage and injury sustained by plaintiff incident to the operation of its said business,' where said words first occur together in said count. Plaintiff further avers that defendant has been requested to abate the operation of said business and the use of said property for said purpose. Notwithstanding said notice, and notwithstanding the fact that defendant has knowledge or notice of the injury and damage that the use of said property for said purpose does and will cause plaintiff, yet defendant has, with such knowledge of the probable injury that such use by it of its said property will cause plaintiff to suffer, nevertheless wantonly maintained said business and used said property as aforesaid. Plaintiff avers that by reason and as a proximate consequence of the defendant maintaining and operating said planing mill factory, planing mill shed, and lumber in such close proximity to said dwellings, the value of her residence property has been greatly depreciated; that she has suffered and sustained a loss in the rental value thereof, and has been put to great expense in the payment of an increase in the rate of insurance, which, but for the maintaining of said business by defendant, she would not otherwise have incurred, and she has been greatly annoyed, and

suffered much mental and physical pain, to her damage in the sum aforesaid; hence this suit."

These counts were amended by inserting in each of said counts, after the words "creates a noise," where said words first occur together in said count, the following words: "Which said noise is to the residence section unreasonable, intolerable, harsh loud, constant, and discomforting, and." Also, by inserting in said counts next after the words "such close proximity to said dwelling," where said words occur together in said count, the following words: "And of maintaining and creating said noise and disturbing said tenants as aforesaid, and of increasing the rate of insurance on plaintiff's property."

Count 3: "Plaintiff claims of defendant $5,000 as damages, for that plaintiff is now and has been for several years the owner of lots 20, 21, 22, 23, and 24, in block 178, in the city of Birmingham, upon which said property there are situated seven houses, which are now and have been occupied by tenants of plaintiff, and which said property is located in a residence section of said city. Plaintiff avers that defendant has maintained and operated a certain planing mill and sash and blind factory in close proximity to said residences, to wit, not more than 28 feet distant from the nearest of said houses. Plaintiff avers that in and about the operation of said mill, and sash and blind factory, defendant has negligently or wrongfully caused noise, smoke, dust, and soot to fall, go upon, and be on said property of the plaintiff in such volume and character as to materially distress or discomfort the tenants of plaintiff in the enjoyment and use of plaintiff's said property as a residence, and to materially interfere with the comfort, enjoyment, and use of said property by said tenants as a residence, and which said noise, smoke, dust, and soot,

[Harris v. Randolph Lumber Co.]

having invaded or fallen upon said residences and plaintiff's said property, have materially interfered with the comfort, enjoyment, and use of said property by said tenants. Plaintiff further avers that in connection with said operation of said plant defendant has negligently maintained or placed a certain lumber shed, wherein lumber is stored by defendant within, to wit, 20 feet of said houses, or some of them, which said lumber is inflammable, and by reason of its close proximity and nature, and the extra hazard and risk of fire thereby created, the insurance rate on plaintiff's said dwelling is and has been materially increased, to wit, more than $100; and plaintiff avers that by reason and as a proximate consequence of the defendant's negligently causing said noise, smoke, dust, and soot to interfere as aforesaid with the comfort and enjoyment of said tenants of their said home, and negligently causing said insurance rate to be increased as aforesaid, the value of plaintiff's property has been greatly depreciated, and she has suffered and sustained a loss in the rental value thereof, and has been put to great expense in the payment of an increased rate of insurance, which she would not have otherwise incurred, to her damage," etc.

STALLINGS & DRENNEN, for appellant. The complaint sufficiently showed the maintenance of a nuisance in the operation of the planing mill.—*Hundley v. Harrison,* 123 Ala. 292; *Richards v. Dougherty,* 133 Ala. 569; *Grady v. Wolsner,* 46 Ala. 381; 97 Am. Dec. 654; 38 Am. Dec. 568; 73 Am. Dec. 106; 108 U. S. 317; 90 Am. Dec. 181; 21 Am. & Eng. Enc. of Law, 2nd ed. 684; 25 A. & E. Enc. of Law, 2nd ed. 684; 25 Am. St. Rep. 595; 26 L. R. A. 695; 46 Am. St. Rep. 368; 50 Am. Rep. 830; 21 Am. & Eng. Enc. of Law, 2nd ed. 692. The complaint also made a proper case of nuisance from smoke, odors,

noise etc.—*English v. Progress E. L. Co.,,* 95 Ala. 264; *Rouse v. Martin,* 75 Ala. 515; *West Pratt C. Co. v. Dorman,* 49 South. 849, and authorities supra. For damages for temporary nuisance, see.—63 Ala. 266; 42 Ala. 480; 68 Ala. 280; 86 Ala. 515; 29 Cyc. 1271-7. Demurrer was not the proper way to reach non recoverable damages claimed.—*Kennon v. W. U. T. Co.,* 92 Ala. 399.

A. C. & H. R. HOWZE, for appellee. The 1st, 2nd, 5th and 9th grounds of demurrer were properly sustained. —*Hughes v. Anderson,* 68 Ala. 284; 12 L. R. A. 53; 9 L. R. A. 711; Joyce on Nuisance, sec. 11. The complaint contained non recoverable damages, and hence grounds 3 and 4 were properly sustained.—*So. Ry. v. McIntyre,* 44 South. 624; *Miller v. Edison,* 3 L. R. A. (N. S.) 1064. No damages could be recovered for the increased risk and rate of insurance, or because of piling lumber near defendant's residence.—29 Cyc. 1193; 53 Pac. 1118. In alleging nuisance it is necessary to allege facts showing a nuisance and that injury resulted.— *W. U. T. Co. v. Heathcoat,* 43 South. 119. The allegation as to smoke and soot nuisance was insufficient.— 19 L. R. A. (N. S.) 174; 20 Id. 466; 17 Id. 287; 13 L. R. A. 333. The right of action was in the tenant.—Authorities supra.

SOMERVILLE, J.—The first and second counts of the complaint, as amended, show that the defendant had for 12 months preceding operated a planing mill and sash and blind factory in a residence portion of the city of Birmingham; that said mill was located in close proximity to certain residence lots belonging to plaintiff, upon which were seven houses occupied by her tenants. The gravamen of the counts is that the operation

[Harris v. Randolph Lumber Co.]

of said mill and factory "necessarily creates a noise of such volume and character as to create and be a nuisance and render said property undesirable for rental purposes, for which purpose alone it was adapted and suitable, and as to greatly depreciate the rental value to plaintiff of said property, and as to cause plaintiff to be unable to rent said property at the value it could and would be rented for but for said nuisance, and as to prevent plaintiff from keeping all of said houses regularly rented, and as to prevent plaintiff from keeping any of said houses rented at their full rental value, and as to injure plaintiff in her rental value of said property." It is further shown that during the 12 months mentioned plaintiff has been deprived of rent money by the reduction of some rents and the complete loss of others; the figures for each house being given in detail. The noise complained of is described as "unreasonable, intolerable, harsh, loud, and discomforting." The second count also charges notice to defendant of the injury to plaintiff, and its wanton continuance.

The third count charges that in the operation of said mill and factory the defendant "has negligently or wrongfully caused noise, smoke, dust, and soot to fall, go, and be upon said property of the plaintiff in such volume and character" as to produce the same results complained of in the first and second counts.

Demurrers assigning numerous grounds were interposed to each of the counts, and were sustained by the trial court. The plaintiff declined to plead further, and by appeal and proper assignment of alleged errors challenges the judgment of the trial court with respect to these demurrers to the complaint.

1. The first and second counts sufficiently state a cause of action for a nuisance. The gist of these counts is not the injury to plaintiff's tenants, but to plaintiff

herself, as owner, in the diminution and loss of rents by reason of the discomfort imposed upon her tenants, present or prospective. Such an injury, resulting proximately from a nuisance maintained by defendant, is clearly actionable.—Code 1907, § 5198; *City of Eufaula v. Simmons,* 86 Ala. 515, 6 South. 47; 29 Cyc. 1271, 14.

Both the conduct of the defendant, and its injurious consequnces, are set out with sufficient precision, and in these respects the counts are, we think, sufficient as against the grounds of demurrer assigned thereto. Whether the noises made by the operation of defendant's plant are in fact unreasonable, destructive of the ordinary comfort of nearby residents, or intolerable to them; and whether, by reason thereof, plaintiff has been injured in her property rights—are, of course, issues of fact for the jury, to be determined in view of all the facts in the case. And in this regard the allegation of the complaint that the mill of the defendant was erected in a then already residential district would be a material if not decisive consideration.—*English v. P. E. M. & L. Co.,* 95 Ala. 267, 268, 10 South. 134; *Kaufman v. Stein,* 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368; *McMarron v. Fitzgerald,* 106 Mich. 649, 64 N. W. 569, 58 Am. St. Rep. 511; *Pritchard v. Edison Co.,* 179 N. Y. 364, 72 N. E. 243.

Negligence or want of due care is not ordinarily an element of nuisance, though its presence might be in itself an independent cause of action.—See *Vernon v. Wedgworth,* 148 Ala. 490, 42 South. 749.

2. There is one aspect, however, in which the first and second counts are open to an objection if properly presented. Both counts, as we have seen, are based primarily upon the noise caused by the operation of defendant's mill, and its injurious effect upon the rental value of plaintiff's premises. But in each count it is

[Harris v. Randolph Lumber Co.]

separately alleged that defendant maintained, in connection with its mill business, a lumber shed for the storing of lumber, and by reason of the nature of said business and its close proximity to plaintiff's buildings the insurance rates thereon are increased and plaintiff thereby damaged in a specified sum.

Whether this result is attributed to the proximity of the lumber shed alone, or of it and the rest of the plant combined, we think this part of the count is objectionable. The storing of lumber on one's premises is not per se a nuisance, and violates no rights of neighboring property owners. "In order to render a building a nuisance, by reason of the exposure of other buildings to danger from fire, the hazardous character of the business must be unmistakable, the danger imminent, and the use of such an *extraordinary* and *hazardous* character as to leave no doubt of the nuisance. The mere fact that the business carried on there is of a hazardous character, and largely increases the rates of insurance upon surrounding property, is not sufficient; it must appear not only that the business or use to which the building is applied is hazardous, but also that it is conducted in such a careless manner, or in such a locality, as to make injurious results probable."—1 Wood on Nuisances (3d Ed.) § 148. No facts are alleged in the complaint to stamp this building or its contents with the noxious character of a nuisance.

Any new building erected near to another would, we apprehend, increase the insurance rates on the latter; but, as declared by this court, "the law is settled, on sound reasons, that the mere fact of the diminution of the value of complainant's property, or the increased risks from hazard of fire occasioned by a structure erected by a defendant upon a lot adjoining the complainant's premises, without more, is unavailing as a

ground of equitable relief."—*Rouse v. Martin,* 75 Ala. 510, 515 (51 Am. Rep. 463). And, we may add, it would not, without more, be actionable at law. We therefore hold that plaintiff's loss by way of increased insurance rates is not recoverable under these counts.

3. It is, however, insisted for the plaintiff that, even if the added cost of fire insurance be not recoverable as an element of damage, nevertheless a motion to strike out that part of the complaint was the only proper remedy, and that sustaining a demurrer to the entire count was improper and erroneous. Such is the rule where to a good cause of action is imputed damage for which the law allows no recovery.—*Kennon v. W. U. T. Co.,* 92 Ala. 399, 9 South. 200. "It is a general rule that a demurrer to a part of a count will not be entertained, unless the imperfect part is so material as that, being eliminated, it leaves the count without a valid cause of action. * * * The clause objected to is only one of several alleged cumulative acts of negligence, and, if it be stricken out, the count will remain amply good." —*L. & N. R. R. Co. v. Hall,* 91 Ala. 118, 8 South .373, 24 Am. St. Rep. 863. "Where the averments of a part of a count are defective, but could be stricken out and still leave a good cause of action, the proper way to meet the defect is by motion to strike, objection to the evidence, or by requests for instructions to the jury."—*W. I. Works v. Stockdale,* 143 Ala. 553, 39 South. 336, 5 Am. Cas. 578.

In accordance with this well-settled rule, the objections to this defect could not be taken by demurrer.

The case of *Burns v. Moragne,* 128 Ala. 493, 29 South. 460, is not in conflict with this view, for there the demurrer was allowed to reach, not merely a claim for non-recoverable damages, but a claim for damages in gross for alleged breaches of official duty, laid en masse,

some of which were not breaches of duty at all. But, whether the case were thus distinguishable or not, we would in any case feel compelled to follow the numerous authorities which plainly support our conclusion.

4. We are of the opinion that the second count does not sufficiently show wanton injury, and that the ground of demurrer pointing out this defect was properly sustained.—*Henry Case,* 139 Ala. 161, 34 South. 389.

5. The third count sufficiently states a cause of action for the nuisance of noise, smoke, dust, and soot, and the averment that these annoying agencies were "negligently or wrongfully" sent upon plaintiff's premises does not relieve the alleged nuisance of its tortious character.

With respect to the claim for damages growing out of increased insurance rates resulting from the increased risk of fire by reason of the proximity of the lumber shed to plaintiff's premises, we repeat what was said above in regard to similar averments in the first and second counts. The objection to this must be made otherwise than by demurrer.

It results that the demurrer was properly sustained as to the second count, and erroneously sustained as to the first and third counts. The judgment will be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.