(85 South. 477)

## CORONA COAL CO. v. HOOKER.
### (6 Div. 39.)

(Supreme Court of Alabama. April 22, 1920.)

1. **Waters and water courses ⬅67—Coal company liable for overflow deposits placed in tributary stream.**

A landowner could recover for damages to his land by overflow deposits of coal dust and débris from defendant coal company's mine, although such deposits were not placed directly in the stream which flowed through plaintiff's land, but in a tributary stream.

2. **Pleading ⬅35—Averment of negligence in permitting deposits on lands, complaint being bottomed on nuisance, surplusage.**

Complaint of landowner against coal company for injuries through overflow deposits of coal dust and débris from its mine *held* bottomed on nuisance, and not on negligence; averment in closing paragraph that damages were proximate consequence of negligence and wrongs previously enumerated being surplusage and not required to be proven.

3. **Evidence ⬅157(5) — Testimony whether plaintiff, complaining of overflows, had applied for reduction of assessment, properly excluded.**

In an action for injuries to plaintiff's land through defendant coal company's overflow deposits of coal dust and other débris, testimony of a witness as to whether or not plaintiff had made application to the taxing board to have his assessment reduced for the past two years *held* properly excluded on plaintiff's objection.

4. **Waters and water courses ⬅76—Landowner, complaining of overflow deposits, may recover for pollution of stream.**

Where plaintiff alleged that the stream flowing through his land was polluted, to render it useless for watering stock and other purposes, by defendant coal company, and there was evidence from which it could be found that such pollution would depreciate the market value of plaintiff's farm land, he was not limited in his recovery from the coal company to damages to the land caused by overflow deposits on it of coal dust and other débris.

Action by John E. Hooker against the Corona Coal Company for damages to land by overflow, etc. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Count 1 of the complaint is as follows:

Plaintiff claims of the defendant the sum of * * * damages, for that the defendant was operating a coal mine or mines and a coal washer in connection therewith during the time of the grievances herein complained of, and is at present operating the same at or near the town of Townly, Ala., in Walker county, and that during said time the plaintiff was and now is the owner and in possession of the following lands in Walker county, Ala.: All that part of the W. ½ of S. E.. ¼ in section 16, township 14, and range 8, which lies east of Lost creek. And that near the location of the defendant's said mines and coal washer there is a large stream of water known as Lost creek, which runs in a southerly direction from defendant's said mines, and by and through the lands of the plaintiff. That another stream or streams of water run from or near defendant's said mines and into Lost creek, and that said Lost creek overflows its banks at intervals and runs over the lands of the plaintiff as hereinafter set out. And plaintiff alleges that before the commencement of the action defendant's servants and agents, acting within the line and scope of their employment, dumped or placed or caused to be placed or be large quantities of coal, coal dust, coal slack, cinders, and other débris, from said coal mine or mines and coal washer into said Lost creek, or so near same, where said matters were washed or carried into said Lost creek in large quantities by said stream, leading from or near defendant's said mine or mines into Lost creek. And plaintiff alleges that by reason of said débris being washed or carried into said Lost creek as aforesaid the channel to same became filled, clogged, or choked, and the same impedes the flow of water therein, and causes said creek to more readily overflow its banks and the lands of the plaintiff. The water of said creek is thereby polluted and made black and filthy and rendered useless for domestic use and for stock and other purposes. And plaintiff alleges that the said creek overflowed its banks and the lands of the plaintiff on or about, to wit, the 30th day of January, 1918, thereby carrying and depositing large amounts of coal, coal dust, coal slack, slate cinders, and other débris from said mines or mine and coal washer onto the lands of plaintiff, thereby making said lands more wet, greatly injuring and damaging said lands, making them less valuable for farming purposes and pasturage. Said lands are thereby made less productive and are permanently injured, thereby destroying and injuring large amounts of crops growing on said lands, and injuring and destroying the ingress and egress to said lands, and filling the fords and other passageways across and over said creek, and thereby making them practical-

ly impassable. And plaintiff alleges that he suffered said damages by reason and as a proximate consequence of the negligence and wrongs of said servants or agents of the defendant as aforesaid, in negligently or unlawfully causing the same as aforesaid.

A. F. Fite, of Jasper, for appellant.

Appellant was entitled to the affirmative charge to each count of the complaint. 202 Ala. 381, 80 South. 463. The complaint was subject to the demurrers. 203 Ala. 78, 82 South. 93; 202 Ala. 381, 80 South. 463. There was a variance between the nature and elements of the cause of action. 90 Ala. 534, 8 South. 46. Negligence was alleged and should have been proven. 97 Ala. 338, 11 South. 796.

Ray & Cooner, of Jasper, for appellee.

The complaint was sufficient, and the defendant was in no wise entitled to affirmative instructions. 12 Ala. App. 437, 68 South. 563; 192 Ala. 422, 68 South. 339; 164 Ala. 500, 51 South. 150; 68 Ala. 280, 44 Am. Rep. 147; 146 Ala. 371, 39 South. 762, 119 Am. St. Rep. 34; 151 Ala. 398, 44 South. 377; 181 Ala. 587, 61 South. 283; 126 Ala. 560, 28 South. 392; 194 Ala. 176, 69 South. 601; 199 Ala. 589, 75 South. 9; 196 Ala. 136, 72 South. 68; 196 Ala. 670, 72 South. 307; 197 Ala. 367, 72 South. 641; 197 Ala. 703, 73 South. 9; 106 Ala. 313, 17 South. 395; 1 Ala. App. 306, 55 South. 932; 177 Ala. 448, 59 South. 210; 126 Ala. 599, 28 South. 732; 149 Ala. 349, 43 South. 139.

GARDNER, J. The cause of action sufficiently appears by reference to count 1 of the complaint, which will be set out in the report of the case. The second and third counts are identical with the first, with the exception of different dates being shown concerning the overflow on the land. The cause was tried upon the joinder of general issue upon these three counts. It is to be noted that these counts show that the stream of water known as Lost creek flows through the plaintiff's land, and that coal dust and other débris from defendant's mine and coal washer were not placed directly into Lost creek by the defendant, but into a nearby stream, leading from the defendant's mines, flowing into Lost creek.

[1] It is insisted that the demurrer taking the point that no cause of action was stated, because the complaint shows that the débris was not placed in Lost creek, should have been sustained. We think it needs no discussion to show that this insistence is without merit. Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34. That there was sufficient evidence to sustain every material averment of fact set forth in the complaint does not seem to be questioned upon this appeal.

[2] It is strenuously insisted, however, that the defendant was entitled to the affirmative charge on account of the failure of proof of any negligence on the part of the defendant, and that there was a fatal variance between the allegations and the proof. This leads to a construction of the complaint. The averments of fact set forth therein clearly disclose that the plaintiff sought damages for the injurious consequences resulting from a nuisance, and that in the case as stated the negligence of the defendant was not an essential element. The word "negligence" or "negligently" does not appear in the complaint, except in the last paragraph thereof. The complaint itself contains no charge of negligent conduct, but the pleader in the closing paragraph merely averred that the damages were a proximate consequence of negligence and wrongs previously enumerated. It therefore appears that the cause of action was entirely sufficient and complete without the addition of this last paragraph. Tutwiler Coal, etc., Co. v. Nichols, supra; Savannah, etc., Ry. Co. v. Buford, 106 Ala. 303, 17 South. 395; Lindsey v. So. Rwy. Co., 149 Ala. 349, 43 South. 139; Harris v. Randolph Lbr. Co., 175 Ala. 148, 57 South. 453; Alabama Western Ry. Co. v. Wilson, 1 Ala. App. 306, 55 South. 932. In the Buford Case, supra, it was held that the averments of the complaint in regard to negligence should be rejected as mere surplusage, which language is quoted in Lindsey v. So. Rwy. Co., supra, where it was again held that the averment of negligence was unnecessary. The words "negligence" and "negligently," found in the last paragraphs of the complaint, therefore, constitute surplusage, which need not be proven. Speaking to this question this court, in Prestwood v. McGowan, 148 Ala. 475, 41 South. 779, said:

"Greenleaf states that 'surplusage need not be proved,' and that 'the term "surplusage" comprehends whatever may be stricken from the record without destroying the plaintiff's right of action; as if, for example, in suing the defendant for a breach of warranty upon the sale of goods, he should set forth, not only that the goods were not such as the defendant warranted them to be, but that the defendant well knew that they were not.' 1 Greenleaf on Evidence (15th Ed.) § 51. And he defines 'a variance to be 'a disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim, * * * or to have become so by being inseparably connected, by the mode of statement with that which is essential.' "

The case of A. G. S. R. R. Co. v. McFarlin, 174 Ala. 637, 56 South. 989, and authorities there cited, clearly demonstrate there was no fatal variance. The affirmative charge was therefore properly refused. Of course, it is recognized that negligence may be constitut-

ed a material part of the complaint, and this court so construed the last count of the complaint in Ala. Fuel & Iron Co. v. Vaughn, 203 Ala. 461, 83 South. 323.

Appellant's counsel lays much stress on the recent case of Jones v. Tenn. Coal & Iron Co., 202 Ala. 381, 80 South. 463; but the question here considered was not there presented. The substance of the holding is found stated in the language of the opinion, which pointed out that every issue presented by the evidence was submitted to the jury under counts 1 and 2, charging the maintenance of a nuisance.

[3] We do not think there was reversible error in sustaining the objection of plaintiff to the question propounded to the witness Hooker, as to whether or not the plaintiff had made application to the taxing board to have the assessment on his land reduced for the past two years.

[4] Nor was there error in refusing charge 16, requested by the defendant, to the effect that the plaintiff was only entitled to collect such damages as were caused by the deposit upon the land by the overflow mentioned. Plaintiff alleged that the stream flowing through his land was polluted to such an extent as to render it useless for watering stock and other purposes, and there was evidence from which the jury could infer that such pollution of the stream would have a depreciating effect on the market value of the farm land. This charge, therefore, placed too narrow a limitation upon recoverable damages.

We find no reversible error in the record, and the judgment appealed from will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

Appeal from Circuit Court, Walker County; J. J. Curtiss, Judge.

⬤▻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 221.