(85 South. 479)

## CORONA COAL CO. v. KING.
### (6 Div. 57.)

(Supreme Court of Alabama. May 20, 1920. Rehearing Denied June 30, 1920.)

1. **Waters and water courses ☜☞77—Dates of overflow of land, leaving injurious deposits, immaterial.**

In an action against a coal company for injuries to land by overflow deposits of coal dust and débris, where the exact dates of separate overflows alleged in counts of the complaint other than the first were alleged under a videlicet, defendant company was not entitled to the affirmative charge, because the exact dates of the overflows were not established by proof.

2. **Waters and water courses ☜☞76—Damages recoverable where mine washer overflows rendered ford impassable.**

There being evidence that overflows from washer operated by defendant coal company rendered impassable a ford used by plaintiff landowner, requiring him to go out of his way to reach a market, thereby affecting the value of his land, an instruction that he could recover nothing on account of the filling of the ford was properly refused.

Appeal from Circuit Court, Walker County; J. J. Curtiss, Judge.

Action by J. H. King against the Corona Coal Company for damages to land by overflow. From a judgment for plaintiff, defendant appeals. Affirmed.

For the pleadings in this case, see the report of the case of Corona Coal Co. v. Hooker, ante, p. 221, 85 South. 477.

A. F. Fite, of Jasper, for appellant.

The demurrer to the complaint should have been sustained. 203 Ala. 78, 82 South. 93; 202 Ala. 381, 80 South. 463; 90 Ala. 534, 8 South. 46. On these authorities it is insisted that defendant was entitled to the affirmative charge upon the complaint as a whole.

Ray & Cooner, of Jasper, for appellee.

The cause should be affirmed, on the following authorities: 164 Ala. 500, 51 South. 150; 192 Ala. 422, 68 South. 339; 194 Ala. 176, 69 South. 601; 199 Ala. 589, 75 South. 9; 126 Ala. 560, 28 South. 392; 181 Ala. 587, 61 South. 283; 12 Ala. App. 441, 68 South. 563.

GARDNER, J. This appeal is from a judgment rendered in favor of appellant against appellee for damages to plaintiff's land, alleged to have been caused by deposits of coal dust and other débris which came from a washer operated by defendant at its coal mine; said débris filling the creek that flowed through plaintiff's land, causing the land to be overflowed, and rendering the water unsuitable for any domestic purposes.

A very similar cause against this appellant has been recently determined by this court—Corona Coal Co. v. Hooker, 85 South. 477,[1] at present term—and several of the assignments of error here presented were there decided adversely to appellant, and in answer thereto we merely make reference to that authority.

[1] There are two questions of minor importance, not treated in that case, which we will briefly consider here. The first count of the complaint appears to be practically a duplicate of that which appears in the statement of the case in Corona Coal Co. v. Hooker, supra. There were other counts, adopting the language of the first, but placing the dates of the several overflows at different periods—all of which, however, were within the period of one year next preceding the filing of this suit. The insistence is made that the affirmative charge was due because of the fact that the exact dates of

———

☜☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 221.

the overflows alleged in these counts were not established by the proof. These dates were alleged under a videlicet, and the exact date of the overflow was not a matter of importance. This insistence is therefore without merit. Henry v. McNamara, 114 Ala. 107, 22 South. 428; Corona Coal Co. v. Bryan, 171 Ala. 86, 54 South. 522, Ann. Cas. 1913A, 878; 4 Mayf. Dig. 454.

[2] There was proof tending to show that a certain ford of the creek near the plaintiff's land was rendered impassable on account of these overflows. This ford was on a road known as the Settlement Road, which had been used by the public for some 25 years, and also used by the plaintiff for ingress and egress to his farm. The proof also tended to show that the rendering of this ford impassable required the plaintiff to go some distance out of his way to reach a market. From this evidence the jury could have inferred that such condition of affairs affected the value of plaintiff's land, and therefore charge 8, requested by the defendant, to the effect that plaintiff could recover nothing on account of the ford of the creek being filled, was properly refused.

We find no error in the record, and the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.