## City of Eufaula v. Simmons.

*Action for Damages against Municipal Corporation.*

86  515
,109  185

86  515
0132  547

1. *Liability of municipal corporation, for injuries caused by defective sewers.*—If a municipal corporation, by constructing sewers and ditches in improving and draining the streets, diverts the rain water from the direction in which it naturally flows, and causes it to accumulate in large quantities on the premises of a property-owner, he may maintain an action to recover just compensation for the injury, whether the work was done negligently or not, and a *fortiori* if it was done negligently.

2. *Same; injury to health as element of damage, and how proved.*—If the overflow of plaintiff's premises created sickness, and rendered them more unhealthy than they would otherwise be, this is an element of the damages he is entitled to recover; and that it had this effect may be proved by the testimony of his family physician.

3. *Same; injury to rental value of premises.*—The damage suffered by the plaintiff was properly measured by the diminished rental value of the premises for the year during which the nuisance was continued; if he elected to claim only for that period, waiving the question of permanent injury.

4. *Damages; error without injury in charges to jury.*—Where the record shows that the damages awarded by the jury were strictly compensatory, this court will not inquire into the correctness of charges as to the right to recover punitive damages, since, if erroneous, they could not have injured the defendant, who is the appellant.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Sarah Simmons, a married woman, against the city of Eufaula as a corporation, to recover damages caused to her property in Eufaula, on which she resided, by the owerflow of sewers and ditches, which the corporate authorities of the city had constructed and dug in the streets with a view to improving and draining them; and was commenced on the 27th April, 1888. The original complaint contained two counts; the first claiming $2,500 damages "for causing large quantities of rain water to run and flow into and upon plaintiff's premises in the city of

[City of Eufaula v. Simmons.]

Eufaula;" and the second a more formal count in case, alleging that the injury was done wrongfully, unjustly, and with the intention to injure plaintiff and her property, by the negligent and careless manner in which certain sewers and ditches were constructed, whereby large quantities of rain water were made to flow and stand upon her premises, "by reason whereof they became and are damp, incommodious, and less fit for habitation, and injurious to the health of plaintiff and her family." An amended count was afterwards added, claiming damages for the diminution in the rental value of the property. A demurrer was interposed to the complaint as amended, but was overruled; and the cause was tried on issue joined on the plea of not guilty, resulting in a verdict and judgment for plaintiff for $96.

On the trial, as the bill of exceptions shows, the plaintiff introduced evidence supporting the averments of her complaint, tending to show that, by the sewer and ditches constructed by the corporate authorities of the city, large quantities of rain water, which would naturally have flowed off in other directions, were made to flow upon her premises, where they accumulated and stood for a long time; and that a large sewer, which had been built to carry off . the surplus water, had burst, and been allowed to remain out of repair for a long time. The defendant introduced evidence tending to show that plaintiff's premises, and other adjoining lots, "were low flat lots, on which the water had stood, during the rainy season, for forty or fifty years, regardless of any sewers or drains that defendant had put in the streets; that said lots were the natural receptacle or basin for water which fell within a radius of from 500 to 1500 yards; and that said sewers and drains drained said lots, but, on account of the great quantity of water which sometimes fell, it required some time to relieve them of all the water." The plaintiff offered to prove by Dr. Copeland, who had been her family physician for several years, "that the overflow of rain water upon her lot tended to produce sickness there; that several members of her family had been sick with malarial troubles since moving on said lot, and that they had never had such sickness while residing in another portion of the city;" and the court admitted this evidence, against the objection and exception of defendant. The plaintiff's husband testified as a witness in her behalf, "that the rent of said house and lot, if it did not overflow, would be worth from $15 to $20 per month, but, overflowing as it did, it was not

[City of Eufaula v. Simmons.]

worth more than $7.50 to $10 per month;" and the court admitted this evidence, against the objection and exception of the defendant.

The court gave these (with other) charges to the jury :

(1.) "If the jury are satisfied from the evidence that plaintiff's house and lot is less valuable as a dwelling-place for herself and family, on account of the flow of the water upon it, and that said overflow of water was caused by the wrong of the defendant; then the jury can assess to her, as damages, the difference in the value of said lot as a dwelling-place so overflowed, and what it would be worth as a dwelling-place if not overflowed."

(2.) "If the jury believe from the evidence that the defendant was so grossly negligent as to evidence an entire want of care, and to create the presumption in a reasonable mind that, being cognizant of the probable consequences of its negligence to plaintiff's property, it was indifferent to it; then such vindictive damages may be found as, in the enlightened conscience of the jury, are right."

(3.) "If the jury believe from the evidence that the defendant, by its corporate authorities, constructed sewers and dug ditches, by which a great volume of water, not naturally flowing thereon, was collected and discharged on plaintiff's premises, within twelve months before the bringing of this action, and that said water stood upon said premises; then the jury can look at all the facts and circumstances of the case, and assess such damages for the plaintiff as in their opinion she has sustained."

The charges to the jury, and the rulings on evidence, are now assigned as error.

G. L. COMER, for appellant, cited *City Council v. Gilmer & Taylor*, 33 Ala. 116; *Mayor &c. v. Jones*, 58 Ala. 654; *Smoot v. Mayor of Wetumpka*, 24 Ala. 112; *City Council v. Townsend*, 84 Ala. 159; 65 Mo. 620; 49 Ill. 241; 52 Ill. 256; 69 Ill. 475; 19 W. Va. 323; 12 Rob. La. 674; 2 Dill. Mun. Corp., § 1039.

H. D. CLAYTON, JR., and P. B. McKENZIE, *contra.*

SOMERVILLE, J.—1. If the municipal authorities of the city of Eufaula, the defendant in this action, in the construction of sewers and digging of ditches, in the improvement of its streets, caused a large quantity of rain water,

which naturally flowed in another direction, to be diverted so as to flow on the plaintiff's premises in destructive quantities, resulting in the injury of her adjoining property, the defendant corporation would be liable to her in damages, whether the work was done negligently or not. And for such injury, the defendant would be compelled to make just compensation.—*O'Brien v. City of St. Paul*, 25 Minn. 333; s. c., 33 Amer. Rep. 470; *Pettigrew v. Evansville*, 25 Wis. 223; s. c., 3 Amer. Rep. 50; *Noonan v. City of Albany*, 79 N. Y. 470; s. c., 35 Amer. Rep. 540, and cases cited in *note* on pp. 542–543; *City of Aurora v. Reed*, 57 Ill. 29; s. c., 11 Amer. Rep. 1; *City Council of Montgomery v. Townsend*, 80 Ala. 489; s. c., 84 Ala. 478. And *a fortiori* is the defendant liable, when such sewers and ditches have been constructed in a negligent manner. The charges of the court, when tested by this principle, were free from error.

2. If the overflow of the premises created sickness, and rendered them more unhealthy than otherwise, this was an element of damage, and proof of facts tending to show this result was competent evidence.—*Nevins v. City of Peoria*, 41 Ill. 502; *City of Aurora v. Gillett*, 56 *Ib.* 132. There was no error in admitting the testimony of the witness Copeland, on this point, he being a practicing physician, and competent as such to state the tendency of such overflow to create sickness.

3. The damage suffered by the plaintiff was properly measured by the diminished rental value of the premises during the year through the continuance of which the nuisance continued, if the plaintiff elected to claim for this period, waiving the question of permanent injury. It might be more, but could not be less than this sum.

4. It is obvious that there was no recovery for exemplary damages, but only for such as were actually sustained by the injury. Hence the charges as to the recovery of exemplary damages become immaterial to be reviewed. *Thomason v. Gray*, 82 Ala. 291.

The rulings of the court are free from error, and the judgment is affirmed.