# Savage *et al. v.* Smith.

*Petition for Mandamus.*

(Decided January 14, 1902.)

1. *Action by infant by next friend; amendment.*—Where a plea in abatement to a petition for mandamus, by an infant suing by next friend, has been sustained on the ground that the next friend is a married woman, the petition may be amended by naming another person as next friend.

APPEAL from Calhoun Circuit Court.

Tried before Hon. JOHN PELHAM.

[Savage *et al.* v. Smith.]

JOHN H. COOKE, for appellant, cited *Cooper v. McLain,* 25 Ala. 298; *Riddle v. Hanna,* 25 Ala. 484; *Howland v. Wallace,* 81 Ala. 238; 14 Am. & Eng. Ency. Law, 617; 10 Am. & Eng. Ency. Law, 679-684.

COOKE & COOKE, *contra,* cited Code, § 17; *Cook v. Adams,* 27 Ala. 294; 1 Tidd's Practice, 98, 99, §§ 100-1.

DOWDELL, J.—The petition for mandamus was brought in the name of Florence Savage and Morgan Savage, who were infants, by next friend, F. A. Savage. A plea in abatement was interposed and sustained on the ground that F. A. Savage was a married woman. Thhereupon counsel for petitioners asked leave of the court to amend the petition by striking the name of F. A. Savage as next friend, and inserting in lieu thereof T. P. Savage as next friend. The court refused to allow the amendment, to which action of the court exception was duly reserved. In *Howland v. Wallace,* 81 Ala. 238, it was decided by this court that when an infant improperly sues in his own name alone, and a plea in abatement is interposed on that account, the name of a next friend may be introduced by amendment. There can be no distinction in principle between that case and this one as to the right of amendment. The court erred in denying the motion.

Questions going to the merits of the controversy, as presented by the petition and argued by appellant's counsel, were not ruled upon by the court below, and are not raised by any assignment of error here. Consequently these questions are not now before us for consideration.

For the error pointed out the judgment of the circuit court will be reversed, and the cause remanded.