# Lindsey *v.* Southern Ry. Co.

## *Damages for Flooding Lands.*

(Decided Feb. 14, 1907.  43 So. Rep. 139.)

1. *Waters and Watercourses; Ditches; Flooding Land.*—As the company would be liable for damages from ordinary floods, it is liable for damages caused by the digging of a ditch along its right of way leading and emptying into a creek, through which ditch, in times of high water, the waters from the creek flow, and after passing through openings in defendant's track, overflow plaintiff's lands, although the ditch was not negligently constructed and the damages only occur during high waters.

2. *Same; Action; Pleading.*—It is not necessary for the complaint to aver that the ditch was negligently constructed, in an action for damages for flooding lands caused by the construction of a ditch opening into a creek, and through which, in time of high water, water from the creek flowed and overflowed the lands; nor is such complaint objectionable because it avers that the damages occurs during high waters, because the defendant is liable for ordinary floods, and if unprecedented, this is a defense which peed not be negatived by the complaint.

APPEAL from Lawrence Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Sarah E. Lindsey against the Southern Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint as originally filed was as follows: "Plaintiff claims of the defendant the sum of one thousand dollars, for that, whereas, during the latter part of the year 1902 she owned the following described real estate, in the county of Lawrence, in the state of Alabama: (Here follows a description of the land.) That during said time the defendant has owned and operated a railroad track and roadbed adjacent to said land. That some time during the year 1900 the defendant cut a ant's power of dominion over its land in a wrongful, careless, or negligent manner. (9) It does not appear

*Crabtree v. Baker,* 75 Ala. 91; *Jitt v. Hughes,* 67 N. Y. 267; 30 A. & E. Ency. of Law (2nd Ed.) 335-337. The ditch on the south side of its said track, and also on the south side of the aboved described land and along its right of way to a certain creek which runs north and across said railroad track, and that said ditch has been kept open to the time of bringing this suit. Plaintiff alleges that on account of the digging of the said ditch and the maintaining of the same by the defendant the waters from said creek during high water flow west along said ditch and in great torrents, and makes its way through openings under said track and overflows the above-described premises. That the said waters did not overflow the land of the defendant before the digging of the ditch. That during the latter part of the year 1902, and during a part of the year 1903, the waters that were thrown back upon the premises of the plaintiff by maintaining of said ditch washed the soil from portions of the land, caused a deposit of sand upon other portions of it, created a pond of water upon a portion of the land, and destroyed plaintiff's crops that were grown thereon, to plaintiff's damage as aforesaid."

To this complaint the defendant filed the following demurrers: "(1) It does not state a cause of action. (2) It does not appear from said complaint that the opening or construction of said ditch was the proximate cause of the injury set forth in the complaint. (3) That in the digging and constructing said ditch defendant was in the rightful exercise of its power of dominion over its own land, as appears from the complaint. (4) It does not appear that the said ditch was opened or constructed in an unskillful or negligent manner, so that said opening or construction of said ditch itself caused the injury. (5) For that it appears that the injury complained of was caused by high water or flood. (6) For that it does not appear that the injury complained of would not have happened at the particular time if there had been no ditch. (7) It does not appear from said complaint that the defendant exercised its right of dominion over its land in a wrongful, careless, negligent manner. (8) It does not appear that the injury complained of was caused by the exercise of the defend-

that defendant opened or constructed said ditch with due care and diligence. (10) It does not appear therefrom that said ditch was wrongfully, carelessly, or negligently constructed. (12) It does not appear in said complaint that at the time of the opening of said ditch that plaintiff had any interest in said land. (13) It appears that at the time of the cutting of said ditch defendant was upon its right of way and in the rightful exercise of its right of eminent domain. (14) It does not appear that the defendant was a trespasser, or that its right of way upon which said ditch was cut was not properly condemned, and compensation therefor paid to the owner of the land. (15) It appears that said ditch was cut along the right of way of defendant's said railroad before and prior to the plaintiff's acquiring any interest in said land, and said ditch was opened and in use by defendant for the purpose for which it was cut and opened continuously from the opening of it to the institution of this suit."

These demurrers were sustained, whereupon the plaintiff filed an amended complaint, which is but an elaboration of the first count and in which the gravamen of the charge is the maintaining of the ditch. Similar demurrers were filed to this count and sustained, whereupon the plaintiff amended her complaint in other particulars, and similar demurrers were interposed and sustained to this. There was verdict and judgment for defendant.

KIRK, CARMICHAEL & RATHER, for appellant.—The court erred in sustaining demurrer 1.—*Milligan v. Pollard,* 112 Ala. 455; *Trainham v. Drum, et al.,* 112 Ala. 277; *Everett v. Banking Co.,* 96 Ala. 381. The court also erred in sustaining demurrer 2.—*L. & N. R. R. Co. v. Quick,* 28 South. 16; *Armstrong v. Railway Co.,* 26 South. 49; *Central of Ga. Ry. Co. v. Windham,* 126 Ala. 559. The fact that the ditch was cut on defendant's own land and along its right of way does not relieve it. —*C. of Ga. Ry. Co. v. Windham, supra; Hughes v. Anderson,* 68 Ala. 280; *Crommelin v. Cox,* 30 Ala. 318;

court erred in holding that counts 6 and 7 interposed by way of amendment were not within the lis pendens and did not relate back.—*City of Sheffield v. Harris,* 112 Ala. 617; *L. & N. R. R. Co. v. Wood,* 105 Ala. 561; *Winston v. Mitchell,* 93 Ala. 544; *Adams v. Phillips,* 73 Ala. 461; *Dowling v. Blackmon,* 70 Ala. 303.

HUMES & SPEAKE, for appellee.—Neither the original nor the 6th count added by way of amendment stated a cause of action and the court properly gave the affirmative charge as to these counts regardless of whether its allegations were true or of whether the proof made out a case of negligence.—*A. G. S. R. R. Co. v. Shahan,* 116 Ala. 303; *Mayer, etc. v. Ewing,* 116 Ala. 578; *Southern Ry. Co. v. Bunt,* 131 Ala. 591; *Perkins v. Birmingham Southern Ry. Co.,* 132 Ala. 469. Counts 6 and 7 added by way of amendment were not within the lis pendens and did not relate back.—*Nelson v. First Natl. Bank,* 139 Ala. 578; *C. & W. Ry. Co. v. Bridges,* 86 Ala. 448; *Arndt v. City of Cullman,* 132 Ala. 530.

HARALSON, J.—The original complaint alleges in substance that the defendant cut and maintained a ditch on and along its right of way leading into a certain creek, that because of same, the waters from the creek in times of high water flow west along the ditch in great torrents and, making its way through openings under defendant's track, overflows plaintiff's lands; that such waters did not overflow the lands before the digging of the ditch, and that the waters so thrown back on plaintiff's land caused the injury complained of to her damage, etc.

The action is in case for damages caused by thus diverting waters from the channel of a running stream. No question is involved of the right to collect and discharge in great volume surface waters which by nature already flow over the lands of the party complaining. This latter question was considered in *Hughes v. Anderson,* 68 Ala. 286, 44 Am. Rep. 147, where the court drew a distinction between the two classes of cases. Touching the issue here involved it was said: "Under

[Lindsey v. Southern Ry. Co.]

these rules, defendant had no right, by ditches or otherwise, to cause water to flow on the lands of plaintiffs, which in the absence of such ditches,.would have flowed in a different direction." In *Central of Ga. Ry. Co. v. Windham,* 126 Ala. 559, 28 South. 395, it was said: "The gravamen of the complaint lies in averments * * * that the defendant, * * * made excavations, ditches and culverts whereby surface rain water which otherwise would have run in a different direction, was conveyed to and allowed to overflow plaintiff's lands to his damage." Again in *S. A.. & M. Ry. v. Buford,* 106 Ala. 312, 17 South. 398: "The wrong intended to be guarded against is the diversion of water, causing it to flow upon the lands of another, without his will, which did not naturally flow there, and it is not deemed material, whether the water is diverted from a running stream, or is surface water caused to flow where it did not flow before." Citing authorities.

It is not necessary in such cases that there be an averment that.the excavation, though made by defendant on his own lands, were negligently constructed. The flow of waters is governed by well known natural laws. The comparative levels of the banks of a stream and of neighboring lands are of easy ascertainment. It is not an unjust application of the maxim, "sic utere tuo," etc., to require a party in cutting ditches on his own.lands to ascertain at his peril whether he will thereby divert the water from a stream and cause it to overflow the lands of his neighbor. Speaking of averments of negligence, etc., this court declared in *S. A. & M. Ry. v. Buford, supra*: "This verbiage may be rejected as surplusage, for it is obvious the gravamen of the complaint is that the roadbed and embankment, at a particular time after their construction, caused the surface water to flow from the right of way of the defendant, in and upon the lands of the plaintiff, where it did not flow naturally, to her injury."

Nor is it objectionable that it is averred the injury occurred during times of high water. It is of common knowledge that frequently at certain seasons of the year,

23

and occasionally at all seasons, heavy rainfall occurs in this state, producing high waters or floods in the streams, often filling their channels to the top of the banks, and even overflowing them. At such times the owners of adjacent lands have the right to drainage to the full capacity of the chanel of the stream. One who diverts such high water from the stream over the lands of another is answerable for the consequent injury, the same as if diverting it at ordinary stages of water. Only unprecedented floods, such as with the aid of past experience could not have been reasonably anticipated, constitute the act of God, for which man is not answerable. Such act of God is defensive matter and need not be negatived in the complaint.—*Gulf Red Cedar Co. v. Walker*, 132 Ala. 556, 31 South. 374; *Nininger v. Norwood*, 72 Ala. 281, 47 Am. Rep. 412.

Applying the foregoing principles to the rulings of the court below, it follows that there was error in sustaining the demurrers to the original complaint. The same must be said as to the other added counts to which demurrers were sustained.

It seems to be unnecessary to consider other matters assigned as error.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.

