# Brookside-Pratt Mining Co. *v.* McAllister, *et al.*

### Damages for Overflow.

(Decided June 1, 1916.   72 South. 18.)

1. **Property; Title; Possession.**—Possession of land is prima facie evidence of title, however recent, and will support an action for injury to the freehold, or for possession, as against one who does not show a better title.

2. **Parties; Plaintiff; Joinder.**—Where the action is joint for injuries from overflow, plaintiffs cannot recover damages purely personal to each, such as physical or mental pain, anguish or inconvenience of either plaintiff alone, although both suffered like damages.

3. **Appeal and Error; Review; Presentation Below.**—Whether the matters appear in the pleading or not, advantage may be taken of improper joinder of parties in an action for injuries to their respective persons, on appeal.

4. **Same; Harmless Error; Pleading.**—As a defendant may protect himself against injurious results of improper claims for damages by objections to evidence by special charges, and in other ways, error will not be predicated on rulings on motion to exclude such claims.

5. **Waters and Watercourses; Overflow; Damages.**—Where the action was by the husband and wife for injuries consequent upon an overflow a refusal of a charge that plaintiff cannot recover for mental anxiety by reason of the illness of their children was erroneous.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by John McAlister and wife against the Brookside-Pratt Mining Company, for damages for overflow, etc.   From a judgment for plaintiffs, defendant appeals.   Transferred from Court of Appeals under Act April 18, 1911 (Laws 1911, p. 450) § 6.   Reversed and remanded.

Charge 8 refused to defendant is as follows:   I charge you that you cannot award plaintiff any damages for mental anxiety caused by the illness of their children.

TILLMAN, BRADLEY & MORROW, T. A. McFARLAND, and E. CRAMTON HARRIS, for appellant.   J. W. ALTMAN, for appellee.

MAYFIELD, J.—This is a joint action by husband and wife to recover damages.   The alleged wrong was the flooding of plaintiffs' premises with water drained from defendant's mine. The damages sought to be recovered were injuries to the prem-

[Brookside-Pratt Mining Co. v. McAllister, et al.]

ises and home, in the way of filling the well with foul water, and causing the foul water to run and to stand on the premises and under the house, rotting the house, and rendering the home less comfortable and less valuable by reason of mud, slush, etc. To these damages, as for injuries to plaintiffs' home and premises, are added damages as for personal injuries—that is, physical and mental pain and anguish, and inconvenience, etc., on account of the illness of plaintiffs' children and (in one count) of the husband, as a proximate result of the wrong alleged.

It is insisted that plaintiffs were not entitled to recover damages as for injuries to the home, because no joint ownership of the home was proven. There was evidence of possession and control of the premises and home by the plaintiff, sufficient, in connection with the other evidence, to carry the question of ownership to the jury, and therefore to prove that part of the complaint as alleged. There was also sufficient evidence to carry to the jury the question of injuries to the premises as alleged, and hence the defendant was not entitled to the requested charges, which would deny a recovery of any damages as to the premises or any part thereof, the well, house, etc.

(1) Possession of land, however recent, is prima facie evidence of title, and will support an action for an injury to the freehold, or for the recovery of possession, against one who does not show a better right.—*McCall v. Doe*, 17 Ala. 533; *Eakin v. Brewer*, 60 Atl. 579; *Mfg. Co. v. Gibson*, 62 Ala. 369; *Higdon v. Kennemer*, 120 Ala. 193, 24 South. 439; 4 Mayf. Dig. 512.

"It is a maxim of the law that the party in possession of lands is presumed to have a valid title thereto, and this presumption can be overcome only by proving title out of such party. Indeed, it has been said that possession of real estate is prima facie evidence of the highest estate in the property; that is, a seisin in fee."—Id.

(2) The action being joint, the plaintiffs were not entitled to recover damages which were purely personal to each and not joint as to both, such as physical or mental pain, anguish or inconvenience of either the husband or the wife alone. Even if both suffered like damages in this respect, such are necessarily separate and individual, and go to each separately, and not to both jointly. Such separate and individual damages are not recoverable in a joint action like this.—*Jefferson Fert. Co. v. Rich, et al.*, 182 Ala. 633, 62 South. 40.

Mr. Dicey, in his book on Parties, states the law and the rules of practice correctly and succinctly as follows: "1. Persons who have a separate interest and sustain separate damages must sue separately.

"2. Persons who have a separate interest, but sustain a joint damage, may sue either jointly or separately in respect thereof.

"3. Persons who have a joint interest must sue jointly for an injury to it."—Dicey on Parties to Action (2d Ed.) 401.

(3) Several parties cannot sue jointly for injuries to their respective persons. The principle underlying the rule is that it is not the act which injures one or both, but the consequence of the act, in the way of damages, that determines whether plaintiffs should joint or sever. One stroke or one word may injure two or more alike, in the person or in the feelings, yet their actions are separate and not joint. There can be no joint action in such cases because one cannot share the suffering or injury of the other.—1 Chit. p. 64. If there be an improper joinder in such cases, advantage may be taken thereof by appeal or writ of error, whether the matter appear in the pleading or not. It has been repeatedly ruled in this court that if a count claims, in part only, damages not recoverable, this is not ground of demurrer, but of motion to strike, objection to evidence to support, and special instructions that such damages wrongfully claimed are not recoverable.

(4) The rule is not to predicate error on rulings on motions to exclude for the reason that the defendant may protect himself against injurious results, in case of error, by objections to the evidence, by exceptions to the court's oral charge authorizing recovery, and by special charges.—*W. F. Vandiver & Co. v. Waller,* 143 Ala. 411, 39 South. 136; *Southern R. Co. v. Coleman,* 153 Ala. 266, 44 South. 837; *Bixby Co. v. Evans,* 174 Ala. 576, 57 South. 39; 7 Mayf. Dig. 224.

(5) It was also reversible error to refuse defendant's requested charge 8; the damages specified in this charge were not recoverable in this action. Plaintiffs were not entitled to recover any damages as for mental suffering because of the sickness of their children, and this was only the effect of the charge.—*Birmingham Waterworks Co. v. Martini,* 2 Ala. App. 652, 56 South. 830, 833, 834; *Bube's Case,* 140 Ala. 276, 37 South. 285, 103 Am. St. Rep. 33; 29 Cyc. 1271; *Eufaula v. Simmons,* 86 Ala. 515, 6 South. 47; *Jefferson Fert. Co. v. Rich, et al., supra.*

[Ray v. Brannan.]

The instructions seeking to prevent a recovery as for damages to the well, garden, house, etc., and to limit such damages to nominal only, were properly refused. There was evidence sufficient to carry this case to the jury on these questions.

There was no error in overruling the demurrer to the complaint.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.