# Buckalew *v.* Lusk, *et al.*

## Damages for Flooding Premises.

(Decided January 18, 1917.   73 South. 917.)

**Waters and Water Courses; Changing Stream; Railroad Embankment.**
—Where a railroad, in constructing its road, diverts the natural course of a
stream and then takes it under its tracks, it is bound not only to provide
drainage for a normal rainfall but also for heavy or unusual rainfall and is
liable for damages for overflow if it does not do so.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Mrs. L. E. Buckelew against James W. Lusk and
others, receivers of the St. Louis & San Francisco Railroad Com-
pany.   Judgment for defendant, and plaintiff appeals.   Reversed
and remanded.

Suit by appellant against appellee for recovery of damages
caused by the flooding of a residence lot by water alleged to have
been backed upon the premises from a waterway the natural
course of which was changed by the construction of defendant's
roadbed.

Plaintiff alleged that she was the owner of certain lots in the
town of Sulligent, Ala., on which her dwelling house, barn, and
garden were situated; that for a long time a branch or water-
way had flowed along the east side of these premises, which in
times of heavy rain had been sufficient to accommodate the
swollen as well as the usual flow of water; that when the defend-
ant's railroad was constructed the roadbed changed the natural
course of said stream, causing it to flow east about 300 yards
before crossing under the track; that since the defendants have
assumed control and operation of the railroad their agents or
servants have permitted the bed of the stream to become so filled
in that it cannot carry the increased flow caused by heavy rains;
that on July 9, 1914, such condition caused an overflow of plain-
tiff's land, the water being 10 inches deep in her yard, which
on receding left a stagnant pool, a breeding place for mosquitoes
and causing the spread of malaria, and a muddy sediment giving
offensive odors, rendering the place unpleasant and unhealthy,
and that plaintiff was made sick.   It was charged that the de-
fendant negligently failed to properly maintain the opening under

its roadbed for a free flowing of the stream, thereby causing the overflow upon plaintiff's premises.

The defendant pleaded the general issue and the statute of limitation of one year.

Charge No. 10 given for the appellee is as follows:

"I charge you that defendants performed the legal duty resting on them if they provided and maintained ample drainage to receive and discharge the normal rainfall that flowed on their premises from upper lands."

Charge No. 1 refused to the plaintiff is as follows:

"I charge you   *   *   *   that, if you are reasonably satisfied from all the evidence that the defendants, as receivers, operating the St. Louis & San Francisco Railroad Company, operated and controlled the railroad track of said company, and that the said railroad company, in building and constructing the railroad, changed the natural stream of water in the ditch or wasteway which naturally carried away the water; then it is the duty of defendants when they assumed control and operated said railroad to keep said waterway open sufficiently to carry the water during heavy rains, and if they failed to do this, then they are liable to the plaintiff for such damages as shown by the testimony."

The jury's verdict was for the defendant, and plaintiff appeals.

WALTER NESMITH AND C. C. NESMITH, for appellant. BANK-HEAL & BANKHEAD, for appellee.

GARDNER, J.—The evidence for the plaintiff tended to show that prior to the construction of the defendant railroad there was a stream running on the east side of her property, which served as a natural drainage for both usual and heavy rainfall, through which the water in its natural flow passed down beyond where the railroad is now situated and into what is known as Beaver Creek.

The evidence further tended to show that before the construction of the railroad this natural drainage was sufficient to take off the water, but that by the construction of the roadbed and the embankment caused from the building of same the stream was diverted from its accustomed course and caused to run east about 300 yards; that is, the flow changed from a northwesterly to a directly eastern course for that distance before passing under a trestle of the railroad.

[Buckalew v. Lusk, et al.]

There was also evidence tending to show that within the 12 months prior to the bringing of the suit the passageway under the trestle had become filled in from six to eight feet and the ditch along the railroad right of way had become obstructed, which condition caused the overflow on plaintiff's premises and resulted in the damages alleged.

The plaintiff confined her case to the damages occurring within one year prior to the bringing of the suit.

Evidence for the defendant tended to show that the drainage was sufficient, and that the overflowed condition was not caused by any act or omission of act on its part, but from the condition of the stream above the plaintiff's premises.

If the evidence for the plaintiff is believed by the jury, the right of recovery is well established by the following authorities: *C. of Ga. Ry. Co. v. Windham,* 126 Ala. 552, 28 South. 392; *Lindsey v. So. Ry. Co.,* 149 Ala. 349, 43 South. 139; *Savannah, etc., Ry. v. Buford,* 106 Ala. 303, 17 South. 395; *Ala. Conn. C. & I. Co. v. Vines,* 151 Ala. 398, 44 South. 377; *Collins v. L. & N. A. R. Co.,* 176 Ala. 174, 57 South. 833; *So. Ry. Co. v. Lewis,* 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; *Ala. West. Ry. v. Wilson,* 1 Ala. App. 306, 55 South. 932.

Under the principle established in these cases, we are of the opinion that charge No. 1 given at defendant's request confined the duty on defendant's part to supplying drainage for the discharge of the normal rainfall only. If the overflow on the plaintiff's premises was caused by the wrongful conduct of the defendant in diverting the natural course of the stream, as was the plaintiff's contention, and the defendant not undertaking to give sufficient drainage for the natural flow of water, the duty upon it is not only to provide for the normal rainfall, but for heavy or unusual rainfall as well.—*C. of G. Ry. v. Windham, supra; Lindsey v. So. Ry. Co., supra.* There was no pretense of damages caused by any unprecedented rainfall or flood condition, and no such defense as "the act of God" was interposed as applicable here.—*So. Ry. Co. v. Lewis, supra.* The giving of this charge for defendant narrowed the scope of its duty, and was erroneous.

The oral charge of the court does not appear in the record, but on examination of the record we are persuaded that the ruling of the court on these charges was prejudicial to the plaintiff's cause.

[Allen, et al. v. Standard Ins. Co.]

Witness Springfield, agent for the defendant company at Sulligent, testified on direct examination that the drain ditch of the defendant company was sufficient, and that the overflow was not produced by any obstruction therein. On cross-examination plaintiff asked the witness if he had not stated to Dr. Buckelew, after the appointment of the receivers of the railroad company, that the defendant had let this ditch become so filled up that the water overflowed, and that if he was not working for them he would be the first one to sue them and make them open it up. Objection to this question was sustained by the court.

While we recognize the rule that much latitude and discretion is allowed the trial court as to cross-examination of witnesses, yet we are aware that, if the ruling of the court confined the scope of the cross-examination within too narrow limits, thus stripping it of any benefit, the rule will constitute it reversible error.—*Wilson v. State*, 195 Ala. 675, 71 South. 115. As the cause must be reversed on other grounds, however, we need not state a conclusion as to whether this ruling of the court would result in a reversal of the judgment.

The principles governing cases of this character are sufficiently stated in the authorities herein cited, and we deem it unnecessary to further treat the assignments of error.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.