(79 South. 191)

MOORE v. WALKER et al. (6 Div. 662.)

(Supreme Court of Alabama. May 16, 1918. Rehearing Denied June 20, 1918.)

1. WATERS AND WATER COURSES &cent;&rlarr;162 — DITCHES — DIVERSION — RIGHT — LANDS OF ANOTHER.

·One party has no right by ditching or otherwise to cause a running stream to flow upon the lands of another, which naturally flows in a different direction.

2. WATERS AND WATER COURSES &cent;&rlarr;172 — FLOODING LANDS — DITCHES — NEGLIGENT ·CONSTRUCTION.

One cutting ditches and making waterways on his own land must ascertain whether he will thereby divert the water upon the lands of his neighbor ordinarily or in times of high water, and negligence is not a necessary element in fixing liability.

3. WATERS AND WATER COURSES &cent;&rlarr;172 — FLOODING LANDS—LIABILITY—FLOODS—ACT OF GOD.

A person diverting waters is chargeable with knowledge that at certain seasons and occasionally at all seasons of the year heavy rainfall occurs, producing floods and overflows and only unprecedented floods can be classed as acts of God.

4. APPEAL AND ERROR &cent;&rlarr;1009(3)—REVIEW— FINDINGS—CONFLICTING EVIDENCE.

Where the evidence was largely ore tenus before the trial judge, and not without conflict, his findings will not be disturbed, although there was evidence which would support a contrary decree.

5. INJUNCTION &cent;&rlarr;114(2) — PARTIES — COMPLAINANTS—MISJOINDER.

Where complainants joined in a bill, the main equity of which was injunctive relief to prevent defendant from diverting water to the injury of their respective lands, the incidental request for damages did not make it an action for damages working a fatal misjoinder of parties.

Appeal from Circuit Court, Fayette County; H. B. Foster, Judge.

Bill by P. M. Walker and another against J. D. Moore for an injunction. Judgment for plaintiffs, and defendant appeals. Affirmed.

McNeil & Monroe, of Fayette, and Estes & Jones, of Bessemer, for appellant. Beasley & Wright, of Fayette, for appellees.

MAYFIELD, J. This is a bill by appellees filed against appellant to enjoin the change in the natural flow of a stream of water coursing the lands of both parties. The bill seeks to enforce the right of the owners, to have water which flows through their land

to continue to flow in its accustomed channels, and natural volume and purity.

The rule sought to be invoked has, of course, its limitations or exceptions, in certain cases, which are unnecessary to mention or discuss in this opinion. See Alabama Coast Line Railroad Co. v. Woolfolk, 178 Ala. 193, 59 South. 633; Killian's Case, 175 Ala. 232, 233, 57 South. 825.

[1] One party has no right by ditching or otherwise to cause water to flow on the lands of another which in the absence of such device would flow in a different direction. Lindsey v. Southern Railway Co., 149 Ala. 349, 43 South. 139; Central of Georgia Railway Co. v. Windham, 126 Ala. 559, 28 South. 392.

The law guards against the diversion of water causing it to flow upon the lands of another without his will and where it did not naturally flow. This is true both as to diversion from running streams and as to diversion of surface water. Lindsey v. Southern Railway Co., 149 Ala. 349, 43 South. 139.

[2] To render a party liable for diverting the flow of water, negligence is not a necessary element to fix liability; the flow of water is governed by well-known laws of nature. A party who cuts ditches or makes waterways on his own land must ascertain whether he will thereby divert the water upon the lands of his neighbor; nor is he excused because it would be diverted only in times of very high water. Lindsey v. Southern Railway Co., 149 Ala. 349, 43 South. 139.

[3] It is common knowledge that at certain seasons of the year, and occasionally at all seasons, heavy rainfall occurs in this state, producing high waters or floods, often filling channels and causing streams to overflow. Such overflows should not be classed as an act of God. It is only unprecedented floods such as could not have been reasonably anticipated that can be so classed. For these man is not answerable. Lindsey v. Southern Railway Co., 149 Ala. 349, 43 South. 139; Gulf Co. v. Walker, 132 Ala. 556, 31 South. 374.

All these rules, like most others, have limitations or qualifications. One that might be here stated is that discussed in the following language of Justice Stone. It is not more agreeable to the laws of nature that water should descend than it is that the lands should be farmed and mined; but in many cases they cannot be if an increased volume of water may not be discharged through natural channels and outlets. And the language of Stone, J., was:

"As to the water theretofore accustomed to flow on the lands of the plaintiffs, defendant was not bound to remain inactive. He was permitted to so ditch his own lands as to drain them, provided he did so with a prudent regard to the welfare of his neighbor, and provided he did no more than concentrate the water and cause it to flow more rapidly and in greater volume on the inferior heritage." Walshe v. Dwight Mfg. Co., 178 Ala. 318, 319, 59 South. 630, 632.

There are no new or novel doctrines presented by this appeal. The case is typical of its kind; and the rights and equities of the parties depended upon the proof going to establish the averments of the bill and of the answer.

[4] The evidence was largely taken ore tenus before the learned trial judge, who saw the witnesses and heard them testify, and who thereby had advantages for reaching the truth of the matter of which we are deprived. He found that the material averments of the bill were proven, and decreed the relief prayed. While the evidence is not without conflict on material questions, and that of the respondent would support a verdict or decree in his favor, yet we are not inclined to disturb the chancellor's findings or his decree.

[5] There was no misjoinder of complainants fatal to the main equity of the bill—that is, injunctive relief. It is not a bill or an action to recover damages as for creating or maintaining a nuisance. Such damages are purely incidental in a suit like this for injunctive relief. This was pointed out in the cases of Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 South. 198, 35 L. R. A. (N. S.) 491, and Southern Steel Co. v. Hopkins, 174 Ala. 465, 472, 477, 57 South. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692.

We find no reversible error, and the decree of the trial judge must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.