(80 South. 73)

CRAWFORD v. WALTER et al. (4 Div. 799.)

(Supreme Court of Alabama. June 20, 1918. Rehearing Denied Nov. 14, 1918.)

1. STATUTES ⊂⟹212 — CONSTRUCTION — PRESUMPTIONS—LEGISLATURE'S KNOWLEDGE OF DECISIONS—"MATERIAL DEFENDANT."

The Supreme Court must assume that the Legislature, in adopting the various Codes containing the words "material defendant," as used in Code 1907, § 6207, providing venue of bill to

contest will, intended to apply the well-known meaning given by the court in dealing with the general statute as to venue in chancery cases.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material Defendant.]

2. WILLS ⬤⇒258—CONTEST—VENUE—STATUTE —"MATERIAL DEFENDANT."

Despite Code 1907, § 6196, in suit to contest will by heir on intestacy, another like heir or distributee, had there been an intestacy, was not a "material defendant" within section 6207, authorizing filing of such bill in district in which such a defendant resides, though not that in which will was probated, and bill should have been filed in district of probate.

3. VENUE ⬤⇒17—BILL DISCLOSING IMPROPER VENUE—DEMURRER OR DISMISSAL.

Though the question of jurisdiction is generally raised by plea, where the bill discloses on its face that it is not filed in the proper district or jurisdiction, it is subject to demurrer or to dismissal on motion.

4. APPEAL AND ERROR ⬤⇒1027 — HARMLESS ERROR — SUSTAINING DEMURRER AND DISMISSING BILL FOR WANT OF JURISDICTION.

Where bill was filed in wrong district, and defendants demurred and moved to dismiss, trial court's action in ruling jointly on demurrer and motion, in effect, sustaining both and dismissing bill for want of jurisdiction, will not be disturbed by Supreme Court; result having been correct and attainable either by demurrer or motion.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill by Lonnie Crawford against Jesse B. Walter and others. From decree of dismissal, complainant appeals. Affirmed.

John R. Tyson, of Montgomery, and H. L. Martin, J. E. Z. Riley, and Sollie & Sollie, all of Ozark, for appellant.

W. A. Gunter and Hill, Hill, Whiting & Thomas, all of Montgomery, for appellees.

ANDERSON, C. J. [1, 2] The bill in this case was filed to contest a will under section 6207 of the Code of 1907, and which provides that the bill may be filed in the district in which said will was probated or "in the district in which a material defendant resides." The bill is not filed by one who takes as legatee under the will, but by one who would be an heir or distributee had the testator died intestate. It attempts to invoke the jurisdiction of the Dale chancery court because of the fact that a respondent, "Mollie Cooper," is a resident of said county. The said "Mollie Cooper" takes nothing under the will, but would have taken as heir or distributee had the testator died intestate and is, so to speak, "in the same boat" with the complainant. Therefore the question to be discussed is whether or not the said "Mollie Cooper" is such a "material defend-

ant" as is meant by said section 6207. This court has frequently defined "material defendant," as used in the chancery jurisdiction or venue statutes, as being one "whose interest is antagonistic to complainant's and against whom relief is prayed." Lewis v. Elrod, 38 Ala. 17; Waddell v. Lanier, 54 Ala. 442; Harwell v. Lehman, 72 Ala. 344; Gay & Hardie v. Brierfield, 106 Ala. 615, 17 South. 618. We must therefore assume that the Legislature in adopting the various Codes containing the words "material defendant," as used in section 6207, intended to apply thereto the well-known meaning given by this court in dealing with the general statute as to jurisdiction or venue in chancery cases. The interest of the respondent "Mollie Cooper" is in no sense antagonistic to that of the complainant, but is mutual and concurrent. The bill, having been filed by a complainant whose interest in the estate was dependent upon the annulment of the will, could not be maintained in a district or county other than where the will was probated, except where one resided whose interest was antagonistic and which could only be one who took under the will and not one whose right to take as heir had been cut off by the will. It is true that section 6196, providing for the contest of a will in the probate court, designates the proponent of the will as plaintiff and the contestant as defendant; but section 6207, in dealing with contests in the chancery court, makes no attempt to designate the plaintiff and defendant or the complainant and respondent, and we must assume that in the use of the words "material defendant" they were used in the same sense and meaning given the same words in the jurisdiction or venue statutes and as repeatedly defined by this court.

[3] The question of jurisdiction is generally raised by plea; but where the bill discloses upon its face, as it does here, that it is not filed in the proper district or jurisdiction, this renders it subject to demurrer or to be dismissed on motion. Pucket v. Pucket, 174 Ala. 315, 56 South. 585; Harwell v. Lehman, 72 Ala. 344; Campbell v. Crawford, 63 Ala. 392.

[4] The trial court seems to have ruled upon the demurrer and motion jointly, in effect, sustaining both, and dismissed the bill for want of jurisdiction, and the result, being correct, will not be disturbed by this court, for it could have been reached either by demurrer or motion to dismiss. Rule 45 (175 Ala. xxi, 61 South. ix).

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes