(84 South. 345)

## MACHER v. FARMERS' & GINNERS' COTTON OIL CO. (6 Div. 961.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. NUISANCE 49(2)—EVIDENCE OF VALUE OF DEFENDANT'S PRODUCTS IMMATERIAL.

In suit against a cotton oil manufacturing company for damages for maintaining a nuisance, the value per ton of products of its plant was immaterial to issue of nuisance as against plaintiff property owner.

2. INJUNCTION 137(2)—PROBABLE DAMAGES IN GRANT OR DENIAL BALANCED IN DETERMINING WHETHER TEMPORARY INJUNCTION SHALL ISSUE.

In exercising discretion in granting or withholding a temporary injunction, the court will balance probable resulting damages to the respective parties.

3. TRIAL 251(2)—QUESTION OF NEGLIGENT OPERATION OF PLANT BY DEFENDANT NOT PRESENTED SO AS TO AUTHORIZE CHARGE ON BURDEN OF PROOF.

In an action for damages for maintaining nuisance, where the counts presenting as an issue of fact the negligence vel non of defendant were withdrawn by plaintiff before the jury was charged, and the pleas to count charging wrongs as constituting the nuisance were the general issue and statute of limitations, no question of negligent operation of its plant by defendant was presented so as to authorize a charge on the burden of proving negligence.

4. APPEAL AND ERROR 1066—CHARGE AS TO BURDEN TO PROVE NEGLIGENCE, QUESTION NOT BEING PLEADED, HELD PREJUDICIAL.

In an action for damages for maintaining a nuisance, charge that burden to prove negligence was on plaintiff, question of negligent operation of defendant's plant not being litigable under the count on which submission was had, held prejudicial to plaintiff.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by Barbara Macher against the Farmers' & Ginners' Cotton Oil Company for damages for maintaining a nuisance. From judgment for defendant, plaintiff appeals. Reversed and remanded.

W. T. Stewart and Harsh, Harsh & Harsh, all of Birmingham, for appellant. A question of negligence · is not involved in this case. 161 Ala. 285, 49 South. 851; 175 Ala. 156, 57 South. 453; 184 Ala. 496, 63 South. 470; 12 Ala. App. 431, 68 South. 563; 1 Ala. App. 311, 55 South. 932. Neither is wrongful construction or operation. 158 Ala. 578, 48 South. 102; 177 Ala. 456, 59 South. 210; 182 Ala. 341, 62 South. 677, 46 L. R. A. (N. S.) 642, Ann. Cas. 1915D, 776; 86 Ala. 518. The court unduly limited the scope of damages as to subject-matter and time. 161 Ala. 285, 49 South. 851; 116 Miss. 214, 76 South. 575; 12 Ala. App. 431, 68 South. 564; 14 Ala. App. 194, 68 South. 1016. Rule 45 (61 South. vii) does not render harmless the errors of the court. 202 Ala. 422, 80 South. 806.

A. G. & S. P. Smith, of Birmingham, for appellee. Charge 17 was misleading. 197 Ala. 457, 73 South. 92; 182 Ala. 597, 62 South. 18; 196 Ala. 67, 71 South. 422; 29 Ala. 200; 177 Ala. 349, 58 South. 392; 196 Ala. 14, 71 South. 682. Under these authorities, rule 45 (61 South. vii) should be given application here. Counsel discuss assignments of error relative to evidence, but without further citation of authority.

THOMAS, J. The complaint, as originally filed in one count by Charles and Barbara Macher, husband and wife, was for the negligence of defendant in the operation of its manufacturing plant to their damage.

Before or on the second trial amendment was made by striking as a party plaintiff Charles Macher (Brookside-Pratt Mining Co. v. McAllister, 196 Ala. 110, 72 South. 18; Roanoke Guano Co. v. Saunders, 173 Ala. 347, 362, 56 South. 198, 35 L. R. A. [N. S.] 491), by withdrawing counts 1 and 2, and by adding count three.

The gravamen of the count on which the trial was had (3) was that in the operation of its cotton oil plant in question "defendant wrongfully caused to go or be upon the tract of land occupied by plaintiff as" her residence "noxious or offensive dust, lint, débris, smells, fumes, smoke vapors, odors or other injurious or noxious substances to such an extent as that and as a proximate consequence thereof there was produced material annoyance and inconvenience to the plaintiff as the occupant of said dwelling house and of said premises occupied by her as aforesaid and causing physical discomfort to plaintiff in such sort as to amount to a nuisance, and as a proximate consequence of said nuisance the said dwelling house and premises occupied by plaintiff were rendered less whole-some, healthful, and comfortable as a place of residence and less desirable for occupancy and use to plaintiff," etc. A catalogue of plaintiff's alleged damage is set up as the proximate consequence of said alleged wrongs or the maintenance of said nuisance.

[1, 2] Over plaintiff's objection defendant was allowed to give evidence tending to show the value of several of the products of its plant in question. Due objections were interposed and exceptions taken to the adverse rulings of the court thereon. Same are challenged by assignments of error and insisted upon in argument of counsel. The value per ton of products of defendant's manufacturing plant referred to in the testimony as "fiber" and "hull bran stuff" was immaterial to the issue of the maintenance of a nuisance vel non seriously impairing plaintiff's use of her dwellings, contiguous or adjacent to said manufacturing plant. In the occupancy of her dwellings, if interfered with by defendant in the operation of its manufacturing plant, in such wise as to become a nuisance to plaintiff's said use of her lands and home for herself and her tenants, this gave rise to her personal right of action sought to be maintained. Her suit for damages should not be confused with the utility of the company's service in the production of a needed article of commerce, however valuable it may be. Such evidence tended to institute an unwarrantable comparison of the use or occupancy of the properties in question of the respective litigating parties and ignored the reason and justice underlying the maxim of, "Sic utere tuo ut alienum non lædas." A. G. S. R. Co. v. Crocker, 131 Ala. 584, 590, 31 South. 561. It is only in the exercise of sound discretion in granting or withholding a temporary injunction that the court has balanced probable resulting damages to the respective parties in the use, or the denial thereof, of their properties. Woodstock Operating Corp. v. Quinn, 201 Ala. 681, 79 South. 253, 254.

We may observe of the evidence that it was in conflict as to the emission and deposit of the matter complained of upon or over plaintiff's dwellings and the premises on which the same stood.

[3] Defendant requested in writing, and was given, charge 17, that "the burden of proving negligence in this case is on the plaintiff." The question of a negligent operation of defendant's plant was not litigable under the count on which submission to the jury was had. The two counts presenting as an issue of fact the negligence vel non of defendant were withdrawn by the plaintiff before the jury was charged. The pleas to count 3 were the general issue and the statute of limitations. Hence no question of negligent operation, was presented (Cent. of Ga. Ry. Co. v. Windham, 126 Ala. 552, 560, 28 South. 392; Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 South. 479; Sloss-Shef. S. & I. Co. v. Mitchell, 161 Ala. 278, 285, 49 South.

851; Sou. Ry. Co. v. Lewis, 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; Harris v. Randolph Lbr. Co., 175 Ala. 148, 156, 57 South. 453; Collins v. L. & N. R. R. Co., 176 Ala. 174, 180, 57 South. 833; Shelby Iron Co. v. Greenlea, 184 Ala. 496, 500, 63 South. 470; Ala. West. R. Co. v. Wilson, 1 Ala. App. 306, 311, 55 South. 932; Yolande C. & C. Co. v. Pierce, 12 Ala. App. 431, 435, 68 South. 563), nor of wrongful construction (City of Eufaula v. Simmons, 86 Ala. 515, 518, 6 South. 47; N., C. & St. L. Ry. v. Yarbrough, 194 Ala. 162, 166, 69 South. 582; Romano v. B. R., L. & P. Co., 182 Ala. 335, 341, 62 South. 677, 46 L. R. A. [N. S.] 642, Ann. Cas. 1915D, 776; Sloss-Shef. S. & I. Co. v. McCullough, 177 Ala. 448, 456, 59 South. 210; Sloss-Shef. S. & I. Co. v. Salser, 158 Ala. 511, 518, 48 South. 374).

[4] Such a charge was highly prejudicial, declaring, as it does, the duty to be on plaintiff to establish some negligence on defendant's part in creating the condition of which complaint was made and redress sought by the instant suit. The charge was not merely misleading and, as insisted by appellee (Howton v. Mathias, 197 Ala. 457, 73 South. 92), calling for an explanatory charge requested by plaintiff; it was positively erroneous. Appellee's counsel insists that its giving was without error, and collects several cases invoking rule 45 (175 Ala. xxi, 61 South. ix). Vance v. Morgan, 198 Ala. 149, 73 South. 406; Crawford v. Walter, 80 South. 73;[1] Wilson v. Owens Co., 14 Ala. App. 467, 70 South. 956; Minor v. State, 15 Ala. App. 556, 74 South. 98, on evidence; Moore v. State, 16 Ala. App. 503, 79 South. 201. We have examined these and other cases where rule 45 has been applied, and they are not of controlling effect as to charge 17.

For the giving of said charge and the ruling on evidence admitting testimony of value of the several products of defendant's plant, the cause will be retried.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.