181 So. 904

### COOK et al. v. MORTON et al.

7 Div. 494.

Supreme Court of Alabama.

June 9, 1938.

238·

Chas. F. Douglass, of Anniston, for appellants.

H. G. Bailey, of Boaz, and Goodhue & Lusk, of Gadsden, for appellee Malinda Jane Morton.

ANDERSON, Chief Justice.

This bill of complaint was filed in the circuit court of Calhoun County, in equity, to contest the will of one Morton who resided and died in Marshall County where the will had been probated, the proceeding being authorized by Section 10637 of the Code of 1923.

Section 10637 reads as follows: "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within the twelve months after the admission of such will to probate in this state, contest the validity of the same by bill in equity in the circuit court in the county in which such will was probated, or in the county in which a material defendant resides."

"Material defendant", as there used, as well as in the general statute of venue, has been long and repeatedly defined as being one "whose interest is antagonistic to complainant's and against whom relief is prayed." Crawford v. Walter et al., 202 Ala. 235, 80 So. 73, 74; Lewis v. Elrod, 38 Ala. 17; Waddell .v. Lanier, 54 Ala. 440, 442; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Gay & Hardie v. Brierfield Coal & Iron Co., 106 Ala. 615, 17 So. 618.

So, the question is, does either of the respondents residing in Calhoun County, under the bill as. amended, have an interest antagonistic to that of the complainants? True, they, as well as the complainants, are given some interest in the estate under the will, but the complainants, as heirs of the testator, evidently seek to enhance their interest by contesting and destroying the will, while two of the respondents residing in Calhoun County, to-wit, Abe Cook and Mrs. Izora Morton, are given an interest in the estate under the will, but not being heirs of the testator, their interest would be wiped out and destroyed by a successful contest of the will and they were not only material but necessary parties who had an interest antagonistic to that sought to be established by the contestants. In the case of Crawford v. Walter, supra, the contestant was an heir of the testator and took no interest under the will. Likewise there the respondent "Mollie Cooper" was an heir of the testator, but took no interest under the will so she had no interest antagonistic to the contestant as their interest was mutual.

The trial court erred in sustaining the demurrer to the amended bill of complaint and the decree of the circuit court is reversed and one is here rendered overrul-

ing the demurrer and the cause is remanded.

Reversed, rendered and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.