104 So.2d 306

**UNITED STEEL WORKERS UNION, AFL–CIO, an Unincorporated Association, et al.**

v.

**Sam L. MANLEY et al.**

8 Div. 896.

Supreme Court of Alabama.

Oct. 24, 1957.

Rehearing Granted June 5, 1958.

Cooper, Mitch & Black, Birmingham, for appellants.

Julian Harris and Norman W. Harris, Decatur, for appellees.

STAKELY, Justice.

Both sides have applied for rehearing in this case and upon a further consideration we have decided to withdraw the original opinion and to substitute the following in lieu thereof.

The appeal is from an interlocutory decree sustaining demurrers to the bill in one aspect and overruling them in other aspects.

The bill was filed by Sam L. Manley and some twenty-two other individuals against the United Steel Workers Union of America, an unincorporated labor organization, and certain individuals. It appears that a strike had been called by the union, as certified collective bargaining agent of the Production and Maintenance Employees of the Worthington Corporation Plant in Decatur, Alabama. The complainants, along with certain of the individual respondents, were at the time employed by the company as production and maintenance employees. The complainants were non-striking employees. The primary purpose of the bill was to enjoin unlawful picketing, characterized by threats, intimidation and the using of pickets so as to obstruct the entrance to the plant at which complainants were employed, resulting in their inability to go to and from their places of employment. In addition to the injunction it was prayed that the court proceed to grant complete relief and render

a money decree in favor of complainants, separately and severally, and against defendants, awarding to the several complainants damages to compensate for the wages which they respectively lost by reason of said unlawful picketing, for mental anguish sustained and for punitive and exemplary damages.

The court below issued the injunction. Later on respondents filed demurrers to the bill as amended. The demurrers went to the bill in its entirety; to that aspect seeking an injunction against picketing; to that aspect seeking compensatory damages; to that aspect seeking damages for mental suffering and to that aspect seeking punitive damages. The court below sustained the demurrer to that aspect seeking punitive damages but overruled the demurrer to the bill as a whole and to other aspects. It is from that decree that appellants appeal. Appellees cross-assign as error the decree sustaining demurrers to the aspect of the bill seeking punitive damages.

The position of appellants may be summed up in this proposition: The twenty-three complainants cannot consolidate their twenty-three actions into one suit in equity. It is correct that to cause one to lose wages or suffer mental anguish by assault and battery or other interference with the person is to cause one personal damage by personal injury. In Alabama, one cannot in a suit at law join with others to collect for personal injuries resulting in personal damage. Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40; Brookside-Pratt Mining Co. v. McAllister, 196 Ala. 110, 72 So. 18; Macher v. Farmers and Ginners' Cotton Oil Co., 203 Ala. 601, 84 So. 845. The rule carries over into equity. —Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 So. 198, 203, 35 L.R.A.,N.S., 491. Much reliance is placed by appellants upon this last case, especially the following language:

"Moreover, it is settled law that, if the parties were reversed, and the bill sought both to abate the nuisance and to award damages to a multitude of parties who were injured in consequence of the nuisance, the complainant could not then maintain the bill against the wrongdoer. The law is well settled to the effect that, where two or more persons, having separate and distinct tenements, are injured by a common nuisance which affects each in the same way, they may properly join as complainants in a bill filed solely for injunctive relief, but they cannot recover damages in such suit; and that where there is no community of interest in the subject-matter, and the object of the suit is to restrain something which works a distinct and special, but not separate, injury to the property of each, they cannot join in such suit. * * *."

Appellees' position is that a court of equity having assumed jurisdiction for one purpose will grant complete relief. Also in a suit for injunction, a court of equity will not only enjoin the wrongful conduct, but will proceed to award damages resulting from that conduct, including exemplary damages.

It is, therefore, clear that the real questions sought to be presented on this appeal are whether the bill is multifarious and whether complainants may recover damages of any nature and if so, what nature in this suit.

In the case of City of Roanoke v. Johnson, 229 Ala. 496, 158 So. 182, it was held that persons between whom there is unity of interest in the subject matter of the suit and who are entitled and seek relief of the same character and right may join as complainants to prevent common injury. This was a suit for injunction.

Moore v. Walker, 201 Ala. 629, 79 So. 191, was likewise a suit for injunction. It was there held that where complainants join in a bill the main equity of which was injunctive relief, the incidental request for damages did not make it an action for damages working a fatal misjoinder of parties.

■ The above quoted exerpt from Roanoke Guano Co. v. Saunders, supra, is said by appellees to be dictum. Whether so or not, it in no wise militates against the conclusion that the bill was not demurrable because claiming damages. It is interesting to note that the author of that opinion likewise wrote the opinion in Moore v. Walker, supra [201 Ala. 629, 79 So. 192], wherein he has this to say:

"There was no misjoinder of complainants fatal to the main equity of the bill—that is, injunctive relief. It is not a bill or an action to recover damages as for creating or maintaining a nuisance. Such damages are purely incidental in a suit like this for injunctive relief. This was pointed out in the cases of Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 So. 198, 35 L.R.A.,N.S., 491, and Southern Steel Co. v. Hopkins, 174 Ala. 465, 472, 477, 57 So. 11, 40 L.R.A.,N.S., 464, Ann.Cas. 1914B, 692."

■ On the question of what if any damages may be recovered in the suit, we hold that this a matter which is not properly raised by the demurrer. The rule is thus stated in Creson v. Main, 260 Ala. 318, 322, 70 So.2d 417:

"Where a bill is sufficient in its allegation of facts to make a case for equitable relief and contains a proper prayer, it is not demurrable because it prays for unwarranted relief."

The case of Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630, held that a bill for injunction was not demurrable because praying damages barred by statute of limitations. See also Fonde v. Lins, 259 Ala. 553, 67 So.2d 834, and many other cases collected in 7 Alabama Digest, Equity, ☞ 138.

■ That the bill has equity as one for an injunction is beyond question. In our more recent case of Wood, Wire & Metal Lathers Intern. Local No. 216 v. Brown & Root, 258 Ala. 430, 63 So.2d 372, 374, dealing with a bill quite similar in allegation to the one in this case, we said:

"That equity has jurisdiction to enjoin such conduct is fully settled. We see no occasion to treat this question at length, as we feel that the following quotation from Hotel & Restaurant Employees etc. v. Greenwood, 249 Ala. 265, 274, 30 So.2d 696, 701, is sufficient." (It would be of no service to repeat that quotation here.)

As we have shown a bill for injunction is not objectionable for joinder of several complainants.

Since the bill has equity as one for injunctive relief, it was not subject to that ground of the demurrer addressed to the prayer for incidental relief and the decree sustaining the demurrer on that ground must be reversed. By this we are not to be understood as holding that punitive damages are recoverable in this case. We withhold judgment upon that as well as upon the other damages claimed for the reason that the demurrer does properly not raise these questions.

It results from the foregoing that appellants' application for rehearing is denied while that of appellees must be granted.

The decree originally entered by this court is set aside and one will be entered in accordance with this opinion.

Affirmed in part and in part reversed and remanded.

LAWSON, GOODWYN and MERRILL, JJ., concur.